**Candy CASEY, Plaintiff,**

**v.**

**PECO FOODS, INC. and Marshall Durbin Farms, Inc., Defendants.**

**No. CIV.A. 4:02CV415LN.**

United States District Court, S.D. Mississippi, Eastern Division.

April 17, 2003.

Allen E. Graham, Lyons, Pipes & Cook, P.C., Mobile, AL, John F. Hawkins, Baria, Fyke, Hawkins & Stracener, PLLC, Jackson, MS, for Plaintiff.

Laura C. Nettles, Lloyd, Gray & Whitehead, PC, Birmingham, AL, Henry P. Julien, Jr., The Kullman Firm, New Orleans, LA, Rick A. Hammond, The Kullman Firm, Jackson, MS, for Defendants.

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of defendants Peco Foods, Inc. and Marshall Durbin Farms, Inc. for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Candy Casey has responded in opposition to the motion. The court, considering the memoranda and submissions of the parties, as well as other pertinent authorities, finds that the motion is well taken and should be granted.

Casey was employed at defendant Marshall Durbin Farms as a broiler clerk until June 2000, when the operation was sold to defendant Peco Foods. Although Peco retained many of the Marshall Durbin employees, it did not retain Casey, who was pregnant at the time. On December 8, 2000, Casey filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging she had been terminated by Marshall Durbin and not retained by Peco due to her pregnancy. Subsequently, on March 30, 2001, the EEOC issued a determination letter finding reason to believe that Casey had been discriminated against on account of her pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

On March 9, 2001, while her EEOC charge was pending, and around two

weeks before the EEOC's determination was issued, Casey and her husband filed a joint petition for bankruptcy protection under Chapter 7 of the Bankruptcy Code. In their "Schedule of Assets" which plaintiff and her husband were required to file with the bankruptcy court, they did not list the EEOC charge or the potential litigation against Marshall Durbin and Peco. They similarly failed to disclose the EEOC charge in their "Statement of Financial Affairs," even when prompted by a paragraph stating:

**4. Suits and administrative proceedings, executions, garnishments and attachments**

    a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.

(emphasis original). On the basis of the debtors' submissions, the bankruptcy trustee reported that the bankruptcy estate had no assets and that no distribution of funds would be made to creditors. The bankruptcy court accepted the trustee's report and on June 19, 2001, entered an order discharging plaintiff's debts.

On September 25, 2002, Casey filed this action against Marshall Durbin and Peco alleging a claim for pregnancy discrimination under Title VII and various state law claims stemming from her termination.

Defendants submit that plaintiff is or should be judicially estopped from pursuing her claims in this litigation as a consequence of her failure to disclose either the EEOC charge or the potential litigation in her bankruptcy case.[1] "Judicial estoppel is 'a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position'." *In re Coastal Plains*, 179 F.3d 197, 205 (5th Cir.1999) (quoting *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir.1988)). *See also New Hampshire v. Maine*, 532 U.S. 742, 749–50, 121 S.Ct. 1808, 1814–15, 149 L.Ed.2d 968 (2001).[2] This purpose of the doctrine is to protect the integrity of the judicial system, rather than the interests of litigants, by preventing parties from playing "fast and loose" with the courts to suit their own self-interest. *Coastal Plains*, 179 F.3d at 205; *Burnes*, 291 F.3d at 1285. The doctrine is an equitable doctrine, and the decision whether to invoke it within the court's discretion. *Coastal Plains*, 179 F.3d at 205.[3]

There is no question but that plaintiff, a debtor in bankruptcy, had an affirmative and continuing duty under the Bankruptcy Code and Rules to disclose all her assets to the bankruptcy court, including contingent and unliquidated claims. *In re Coastal Plains*, 179 F.3d at 207–08; Fed. R. Bankr.P.2014; 11 U.S.C. § 521(1). This specifically includes all potential

---

1. Upon learning that Casey had failed to list her EEOC charge and potential claims on the disclosures submitted to the bankruptcy court, defense counsel first wrote to plaintiff's counsel advising of these omissions and requested that plaintiff dismiss the suit voluntarily. Plaintiff declined, and this motion followed.

2. Because judicial estoppel is raised in the context of a bankruptcy proceeding, involving Casey's express duty under the Bankruptcy Code to disclose her assets, federal law applies. *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir.1999).

3. Because the doctrine is an equitable one, which the court may apply in its discretion, it is, as one court has observed, "somewhat unique" that it should be raised via a motion for summary judgment. *See West Delta Oil Co. v. Hof*, 2002 WL 1963317, *2 (E.D.La. 2002). The manner in which the issue is raised, though, bears little on the court's analysis.

causes of action, the basis for which arose prepetition, *In re Coastal Plains,* 179 F.3d at 208, though in order for the duty to disclose such potential claims to arise, " '[t]he debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . to suggest that [she] may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed,' " *id.* (" 'Any claim with potential must be disclosed, even if it is "contingent, dependent, or conditional" ' ") (emphasis in original; citations omitted). Moreover, because of the continuing nature of the duty to disclose, debtors are required to amend their financial statements if circumstances change. *Burnes,* 291 F.3d at 1285 (citing *Coastal Plains,* 179 F.3d at 208).

In *In re Coastal Plains,* the leading case on the application of judicial estoppel to bankruptcy in the Fifth Circuit, the court stated that in view of the heightened need for full and honest disclosure in a bankruptcy proceeding, "the importance of this disclosure duty cannot be overemphasized," *Coastal,* 179 F.3d at 208, and went on to explain as follows:

"The rationale for . . . decisions [invoking judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy] is that the *integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets.* The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. *The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the bankruptcy court,*

*which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete."*

*Id.* at 208 (quoting *Rosenshein v. Kleban,* 918 F.Supp. 98, 104 (S.D.N.Y.1996) (emphasis added)).

The court in *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1286 (11th Cir. 2002), echoed this sentiment that "[f]ull and honest disclosure in a bankruptcy case is 'crucial to the effective functioning of the federal bankruptcy system,' " (citation omitted), because, among other reasons, "creditors rely on a debtor's disclosure statements in determining whether to contest or consent to a no asset discharge" and the bankruptcy courts "also rely on the accuracy of the disclosure statements when considering whether to approve a no asset discharge." In effect, then, a failure to disclose a given asset to the bankruptcy court is a representation that no such asset exists. *See Coastal Plains,* 179 F.3d at 210.

The Fifth Circuit in *Coastal Plains* held that for judicial estoppel to apply, two elements must be met: "(1) it may be applied only where the position of the party to be estopped is clearly inconsistent with its previous one; and, (2) that party must have convinced the court to accept that previous position." *Coastal Plains,* 179 F.3d at 206. In this case, Casey's failure to disclose her EEOC charge, which plainly qualified as an "administrative proceeding" that should have been revealed in her statement of financial affairs, and her related failure to disclose her potential cause of action for pregnancy discrimination, the existence of which was known to her from the time she filed her EEOC charge (or sooner), and at the very latest from the time she received the EEOC's determination letter finding rea-

son to believe Casey had been the victim of discrimination, constituted a representation to the bankruptcy court that Casey was not involved in any administrative proceedings and that she had no potential causes of action. *See Coastal Plains,* 179 F.3d at 210 ("By omitting the claims from its schedules and stipulation, Coastal represented that none existed."). It is apparent, then, that Casey's assertion of a claim for discrimination in this lawsuit is inconsistent with the position she took in her bankruptcy case. Indeed, she does not dispute this.

Neither does she deny that the second requisite for application of judicial estoppel is also satisfied, for indeed, there can be no question but that the bankruptcy court relied on Casey's disclosure statements when approving her no asset discharge. Nevertheless, Casey argues that this court should not apply judicial estoppel to bar her claim because her nondisclosure was inadvertent and not done in bad faith. By way of explanation, she states that her failure to list her claims against Marshall Durbin and Peco was an oversight occasioned by her ignorance of the obligation to do so, which she, in turn, attributes to her bankruptcy attorney's alleged failure to advise her of the requirement that prospective claims be listed as an asset.

In *Coastal Plains,* the court recognized that the fact of a party's inadvertence may preclude judicial estoppel, but made it clear that "in considering judicial estoppel *for bankruptcy cases,* the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." *Coastal Plains,* 179 F.3d at 210. Moreover, the court specifically held that the type of "inadvertence" claimed by this plaintiff, i.e., inadvertence resulting from ignorance of bankruptcy disclosure requirements and consequent reliance on one's bankruptcy attorney for guidance and advice, "is not the type that precludes judicial estoppel against plaintiff . . . from asserting in the instant litigation the previously nondisclosed claims." *Id.* at 212. The court considered the debtor's "claimed lack of awareness of [the] statutory disclosure duty for its claims . . . [was] not relevant," *id.,* and observed that the debtor had full knowledge of the claims and although was not advised to include the claims, was never advised by its attorney "not to disclose the claims," *Id.* (citing *Chandler v. Samford University,* 35 F.Supp.2d 861, 865 (N.D.Ala.1999), in which the court had stated, "Research reveals no case in which a court accepted such an excuse for a party's failure to comply with the requirement of full disclosure").

As in *Coastal Plains,* Casey's claim that her bankruptcy attorney failed to inform her about her statutory duty to disclose is irrelevant. *Coastal Plains,* 179 F.3d at 212. And there is otherwise no basis for concluding that Casey's omissions were inadvertent. That is, it cannot be said that Casey lacked knowledge of her potential claim against Marshall Durbin and Peco. She surely believed she had a potential claim when she filed her charge with the EEOC, which belief was no doubt confirmed for her when the determination letter was issued finding reasonable cause to believe she had been discriminated against. Further, it is undisputed that Casey had a motive to conceal her claim. Had the claim been reported to the bankruptcy court, any recovery on such claim would potentially have become subject to distribution by the bankruptcy court to Casey's creditors. Thus, by not disclosing this claim, Casey was able to secure a discharge of her debts, while keeping the full benefit of any potential recovery on the employment discrimination claim to

herself. In summary, then, because Casey had knowledge of her claim and possessed motive to conceal it, this court may properly infer her intent to deceive, and "make a mockery of the judicial system." *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1292 (11th Cir.2003).

▆ Finally, in an attempt to remedy her nondisclosure, Casey asserts that she should now be allowed to reopen her bankruptcy case to amend her filings and appoint the prior bankruptcy trustee as the real party in interest to her suit.[4] The court, however, is not persuaded that this should be permitted. "Allowing [Casey] to back-up, re-open the bankruptcy case, and amend [her] bankruptcy filings, only after [her] omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if [she] is caught concealing them." *Burnes,* 291 F.3d at 1288. As noted by the Eleventh Circuit, this "so-called remedy" would frustrate the disclosure requirement of the Bankruptcy Code by diminishing the incentive to provide full and honest disclosures. *Id.* (citations omitted).

For the foregoing reasons, the court concludes that judicial estoppel, as articulated and applied by the Fifth Circuit in the context of bankruptcy nondisclosures, is applicable here, and accordingly, it is ordered that defendants' motion for summary judgment is granted.

A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

---

4. Although Casey does not specifically argue the point, some plaintiffs in her situation have contended that an effort to reopen the bankruptcy case and amend schedules after-the-fact is evidence that a failure to disclose was inadvertent. *See Leon,* 321 F.3d at 1291. However, the court in *Leon,* citing the standard announced in *Coastal Plains,* specifically rejected this argument. *Id.* This court finds the reasoning of the *Leon* court persuasive.