Deborah BENTON, Plaintiff,

v.

**RYAN'S FAMILY STEAKHOUSE,
et al., Defendants.**

**Civ.A. No. 4:03CV34LN.**

United States District Court,
S.D. Mississippi,
Eastern Division.

Jan. 13, 2004.

---

David H. Linder, The Hamilton Law Firm, Meridian, MS, for Plaintiff.

Timothy D. Crawley, Carr, Allison, Crawley & Bagwell, P.C., Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of defendants Ryan's Family Steak Houses, Inc., Ryan's Family Steak Houses East, Inc. and Ryan's Family Steak Houses TLC, Inc. for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Deborah Benton opposes the motion, and the court, having considered the parties' memoranda and exhibits, concludes that the motion is well taken and should be granted.

On December 12, 2002, Benton, a Mississippi resident, filed suit against defendants, all Delaware corporations, in the Circuit Court of Lauderdale County. According to the complaint, Benton was injured on December 13, 1999 when she bit a foreign object hidden in the creamed corn served at defendants' Meridian, Mississippi restaurant. The complaint sought damages in the amount of $250,000. Defendants timely removed the action to this court on the basis of diversity jurisdiction.

By their present motion, defendants urge that the court should conclude that plaintiff is judicially estopped from pursuing her claims against them in light of her failure to schedule the claims in her Chapter 7 bankruptcy case filed in this district on April 14, 2002. *Casey v. Peco Foods, Inc.,* 297 B.R. 73 (S.D.Miss.2003) (applying elements of judicial estoppel set forth in *In re Coastal Plains,* 179 F.3d 197 (5th Cir.1999) and concluding that plaintiff who had knowledge of her EEOC claims against defendant, failed to schedule the same in her Chapter 7 proceed-ing, and received "no asset" discharge was judicially estopped from later pursuing litigation against defendant). In support of the motion, defendants have submitted a March 20, 2001 demand letter written by plaintiff's attorney to Ryans' seeking $50,000 for injuries allegedly sustained on December 13, 1999; a copy of Benton's bankruptcy schedules which contain no indication of the claims against Ryan; and a copy of the August 6, 2002 "no asset" discharge signed by United States Bankruptcy Judge Edward R. Gaines. In opposition to the well-supported motion, plaintiff presents her affidavit wherein she does not deny knowledge of the existence of the claims against Ryan but instead states as follows:

> 3. Under Item 20 of the "Personal Property" section of the papers, it lists "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff". I marked "None".
>
> 4. I did not know that my injury at Ryan's was a "contingent and unliquidated claim". I did not know what this statement meant, and my bankruptcy lawyer did not explain it or discuss it with me.
>
> 5. When I marked "None" to the above question, I did not mean to mislead anyone. Had I known that I was supposed to list my injury at Ryan's, then I would have listed it.

In other words, Benton's position, as was the plaintiff's in *Casey,* is that judicial estoppel should not be applied because her nondisclosure of her claims against Ryans' was inadvertent and not done in bad faith. The court, however, concludes that given that plaintiff's ignorance of the law is not an excuse and that a motive to conceal her claims is plain, she should be judicially estopped from litigating her claims against Ryans'.

As the Fifth Circuit explained in *Coastal Plains,* "[I]n considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor lacks knowledge of the undisclosed claims or has no motive for the their concealment." *Coastal Plains,* 179 F.3d at 210. Here,

plaintiff does not dispute that she had knowledge of the undisclosed claims and apparently does not dispute that she had an obvious motive to conceal her claim, i.e., that "by not disclosing th[ese] claim[s], [she] was able to secure a discharge of her debts, while keeping the full benefit of any potential recovery ... to herself." *Casey,* 297 B.R. at 77–78. Instead, Benton, citing *Wakefield v. SWS Securities, Inc.,* 293 B.R. 372, 380 (N.D.Texas), urges that summary judgment is inappropriate because under *Coastal,* the court must consider "Ms. Benton's motive, intent, *subjective* feelings and state of mind."

Aside from the fact that *Wakefield* is not binding on this court, Benton's reliance on the case is not well placed in any event. The district court in *Wakefield* remanded the case to the bankruptcy court to allow it to determine whether the bankrupt plaintiff, although he had no *objective* motive for failing to schedule a § 525(b) claim, i.e., the claim was the debtor's personal property, nonetheless might have had a subjective motive for failing to schedule the claim. *Wakefield,* 293 B.R. at 380–81. Specifically, the district court determined that the bankruptcy court had erroneously held that the absence of an objective motive for a debtor's nondisclosure of a claim was sufficient to satisfy the requirement of inadvertence. The bankruptcy court, according to the district court, had erred by transforming a district court opinion on *Coastal Plains* which held "that *subjective* bad faith and intentional non-disclosure are *unnecessary* to establish judicial estoppel into a conclusion that an *objectively-*determined absence of motive *is enough* to meet the requirement of inadvertance." *Id.* at 380 (emphasis in original). This simply is not the situation before this court. As set forth above, this is not a case where there was no objective motive on the part of the debtor to conceal her claim. Rather, from the standpoint of objective analysis, Benton plainly had motive to conceal her claims, of which she had knowledge, and her current professed lack of bad faith and unintentional non-disclosure do not amount to "inadvertence" as contemplated by the Fifth Circuit in *Coastal Plains.* Accordingly, defendants' motion for summary judgment will be granted.

Based on the foregoing, it is ordered that defendants' motion for summary judgment is granted.