978 F.2d 555
 Bankr. L. Rep. P 75,009
Alan HAY, William Hay, and Desert Mountain Forest Products,
Inc., a Montana corporation, Plaintiffs-Appellants,
v.
FIRST INTERSTATE BANK OF KALISPELL, N.A., Kaltana
Corporation, a Montana corporation, and Donald
Whaley, Defendants-Appellees.
 No. 91-35811.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Nov. 2, 1992.
 
 Stephen M. Barrett, Kirwan & Barrett, Bozeman, Mont., for plaintiffs-appellants.
 C. Eugene Phillips, Murphy, Robinson, Heckathorn & Phillips, Kalispell, Mont., for defendant-appellee First Interstate Bank of Kalispell, N.A.
 Richard DeJana, Kalispell, Mont., for defendants-appellees Kaltana Corp. and Donald Whaley.
 Appeal from the United States District Court for the District of Montana, Missoula Division.
 Before: FARRIS, LEAVY, and TROTT, Circuit Judges.
 FARRIS, Circuit Judge:
 
 
 1
 Desert Mountain Forest Products, Inc., appeals a grant of summary judgment entered on behalf of defendants First Interstate Bank of Kalispell, Kaltana Corporation, and Donald Whaley, in Desert Mountain's action for "bad faith," breach of contract, and civil conspiracy. Desert Mountain acknowledges that its action is an asset of its bankruptcy estate, but argues that the equities favor its proceeding for the benefit of creditors whose shares of the estate may thereby be enhanced. We understand but reject the argument.
 
 BACKGROUND
 
 2
 Between March 1985 and December 1986, Desert Mountain and First Interstate entered into more than twenty loan transactions. During the course of their business relationship, First Interstate advised Desert Mountain to retain the services of Donald Whaley of Kaltana Corporation to assist Desert Mountain in preparing an application for long-term financing. After paying Kaltana $36,000 for its services, Desert Mountain obtained the services of another loan packager. Kaltana then resigned. Three days later, Desert Mountain was notified that its loan application had been rejected.
 
 
 3
 On December 24, 1986, Desert Mountain petitioned for relief in the United States Bankruptcy Court, filing for a Chapter 11 reorganization. Desert Mountain listed First Interstate as a secured creditor and Kaltana as an unsecured creditor in the schedules accompanying its statement of financial affairs. The schedules did not list as an asset any claim or counterclaim against First Interstate, Kaltana, or Whaley.
 
 
 4
 Desert Mountain filed: 1) a Plan of Reorganization on July 17, 1987, and 2) a Disclosure Statement on July 20, 1987. An Amended Disclosure Statement and an Amended Plan were filed on January 15, 1988. First Interstate and Desert Mountain negotiated a settlement of First Interstate's secured claim, which settlement was approved by the bankruptcy court on March 9, 1988.
 
 
 5
 On March 29, 1988, a Second Amended Plan and an addendum to the Disclosure Statement were filed. The Amended Disclosure Statement was approved March 30, 1988. The Second Amended Plan was approved on May 4, 1988. On August 17, 1988, a Final Decree issued, closing the bankruptcy case.
 
 
 6
 Sometime during the course of the bankruptcy, Alan Hay, President of Desert Mountain, discovered that Kaltana was deeply indebted to First Interstate at the time that Desert Mountain was "advised" by the Bank to hire Kaltana. This led Hay to reflect on the events of 1986 and to conclude, in April of 1988, that the Bank and Kaltana had "taken advantage" of Desert Mountain.
 
 
 7
 As a result of Hay's discovery, Desert Mountain filed the present action in the United States District Court for the District of Montana on May 3, 1989. The complaint set forth several causes of action, each of which arose out of events that occurred either prior to, or during the pendency of, the Desert Mountain bankruptcy.
 
 
 8
 On October 30, 1990, a United States magistrate judge recommended summary judgment on behalf of all the defendants. The district court reviewed the magistrate judge's findings and recommendations de novo and granted summary judgment on behalf of the defendants in its Opinion and Order of April 15, 1991.
 
 DISCUSSION
 
 9
 We review de novo a grant of summary judgment. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). The proper inquiry is whether, viewing the evidence in a light most favorable to the nonmoving party, there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 
 10
 The record establishes that plaintiff Alan Hay learned of the facts that led to the discovery of Desert Mountain's claims sometime during the month preceding the month in which Desert Mountain's reorganization plan was confirmed. This was some four months prior to the close of the bankruptcy case.
 
 
 11
 We recognize that all facts were not known to Desert Mountain at that time, but enough was known to require notification of the existence of the asset to the bankruptcy court. See generally, Fed.R.Bankr.P. 1007(b)(1) (debtor must file a schedule of assets and liabilities and a statement of financial affairs); Fed.R.Bankr.P. 1009(a) (schedules may be amended as a matter of course before case is closed); 11 U.S.C. § 1125(b) (1988) (debtor must provide claimants with a disclosure statement containing "adequate information"); Monroe County Oil Co. v. Amoco Oil Co., 75 B.R. 158, 162 (S.D.Ind.1987) ("Among other things, the debtor must disclose any litigation likely to arise in a nonbankruptcy context" (internal quotation omitted)).
 
 
 12
 Failure to give the required notice estops Desert Mountain and justifies the grant of summary judgment to the defendants. See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 417 (3rd Cir.) (citing with approval Monroe County Oil, 75 B.R. at 162), cert. denied, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988).
 
 
 13
 We make no ruling on the rights of the creditors themselves to move to reopen the bankruptcy proceedings.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument