Kent EDWARDS, a single man dba Hobby Horse Ranch Tractor and Equipment Sales Company, Plaintiff—Appellant,

v.

ALAMO GROUP (USA), a Delaware corporation dba Alamo Group (WA); Rhino International, Defendants—Appellees.

No. 99–35841.

D.C. No. CV–99–05209–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2001.

Decided Nov. 26, 2001.

Before LAY *, TROTT and BERZON, Circuit Judges.

MEMORANDUM **

Kent Edwards, a Chapter 11 debtor, appeals from the district court's grant of

---

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**694**

summary judgment to the defendants, Alamo Group (USA) and Alamo Group (WA) ("Alamo"), on the grounds that Edwards' fraud claims were barred by the doctrine of judicial estoppel.[1] We review de novo the district court's grant of summary judgment, and we review for an abuse of discretion its application of the doctrine of judicial estoppel to the facts of this case. *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 782 (9th Cir.2001). We affirm. Because the parties are familiar with the facts of this case, we recount them here only as necessary to explain our decision.

Judicial estoppel is an equitable doctrine that "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir.1996). Its application in this court is restricted to cases where the court relied on or accepted the party's prior inconsistent position. *Interstate Fire & Casualty Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1998).

█ Under the doctrine of judicial estoppel, Edwards "is precluded from pursuing claims about which he had knowledge, but did not disclose, during his bankruptcy proceedings ...." *Hamilton*, 270 F.3d at 785. "The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding." *Id.* at 785 (quoting *In re Coastal Plains*, 179 F.3d 197, 208 (5th Cir.1999)). A debtor *must* amend his schedule of as-

sets when he or she becomes aware of the existence of a cause of action that is an asset of the bankruptcy estate, *Hay v. First Interstate Bank of Kalispell*, 978 F.2d 555, 557 (9th Cir.1992), because "both the court and [his] creditors base their actions on the disclosure statements and schedules." *Hamilton*, 270 F.3d at 778.

█ Sometime before the confirmation of Edwards' Chapter 11 reorganization plan, he had become aware of his potential causes of action for fraud and related claims against Alamo and had filed a lawsuit asserting those claims. Edwards' creditors agreed to the bankruptcy reorganization plan, under which his unsecured creditors were not ensured payment in full, and the bankruptcy court confirmed the plan without being informed of the fraud lawsuit that had already been filed against Alamo. Thus, as in *Hamilton*, "we must invoke judicial estoppel to protect the integrity of the bankruptcy process." *Id.* at 785. Edwards is therefore judicially estopped from bringing this suit by his failure to disclose it as an asset in the earlier bankruptcy proceeding.

The district court's grant of summary judgment is AFFIRMED.

**1.** Edwards also appeals the district court's denial of his motion for reconsideration of the grant of summary judgment in favor of Ala-

mo. Because we find that the district court properly granted the summary judgment motion, we deny the motion for reconsideration.