**FIRST FINANCIAL INSURANCE COMPANY, Respondent,**

v.

**Anthony GOLLIDAY and Roger and Belinda Newberry, Appellant.**

**No. ED 80966.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 3, 2002.

Nicholas J. Angelides, St. Louis, Francis X. Duda, Clayton, for appellant.

Michael T. McGuire, Thomas M. Ward, St. Louis, for respondent.

GEORGE W. DRAPER III, Judge.

Anthony Golliday (hereinafter, "Golliday") and Roger and Belinda Newberry (hereinafter, "Roger" or "Belinda")[1] appeal from the trial court's judgment granting First Financial Insurance Company's (hereinafter, "First Financial") motion for summary judgment. Golliday, Roger, and Belinda claim there is a genuine issue of material fact as to whether Roger and Belinda, or their son, Darcell, are the sole owners of the family's pallet restoration business. We reverse and remand.

It is well settled that when considering an appeal from a grant of summary judgment, we review the record in the light most favorable to the nonmovant. *ITT Commercial Fin. v. Mid–America Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially *de novo. Id.* at 376. The criteria on appeal for testing the propriety of summary judgment are no different from those employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The burden of proof on a summary judgment movant is to establish a legal right to judgment flowing from facts about which there is no genuine dispute. *Id.* at 378.

A "defending" party may establish a right to judgment by showing: (1) facts that negate any one of the claimant's elements; (2) that the nonmovant has not been able to produce, or will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any of the claimant's elements; or (3) that there is no genuine dispute as to the existence of facts necessary to support the movant's

properly pleaded affirmative defense. *Id.* at 381.

The nonmovant must show by affidavits, depositions, answers to interrogatories, or admissions on file, that one or more of the material facts shown by the movant to be without any genuine dispute is, in fact, genuinely disputed. *Id.* A "genuine issue" exists where the record contains competent materials that establish a plausible, but contradictory, version of the movant's essential facts. *Id.* at 382.

The facts in the light most favorable to the nonmovants are as follows: Roger and Belinda were concerned about the future of their son, Darcell. Darcell had a tenth grade education, no job, no money, no bank account, and no established credit. In order to assist him with gainful employment, the family discussed opening a pallet restoration business. Darcell expressed an interest in this business, and with substantial assistance from Roger and Belinda, the business was opened.

Roger and Belinda purchased the necessary equipment for the business. They executed a commercial lease for the premises where the business would be located. In connection with leasing the premises, Roger and Belinda obtained a commercial liability insurance policy from First Financial. The policy specified that Roger and Belinda were the sole owners of the business and that coverage would only apply if they remained the sole owners. Roger and Belinda paid the premiums on the insurance policy, the rent on the premises, and other monthly expenses of the business. Business cards with the name "D & B Pallet Company" were printed for Darcell's use, but the business never formally used that name, incorporated that name, or registered it with the State of Missouri.

**1.** We mean no disrespect to the Newberrys by addressing them by their given names, but do so for clarity.

Golliday filed a suit against Roger, Belinda, and Darcell for various negligence claims in connection with an injury he sustained while operating a nail gun in the course of his employment in the business. In his petition, Golliday alleged that Roger, Belinda, and Darcell supplied the nail gun while doing business as D & B Pallet Company, but also alleged that each person furnished the nail gun individually.

During the course of that litigation, Golliday gave deposition testimony that Roger and Belinda owned the business. Golliday stated that Roger told him that D & B stood for Darcell and Belinda, and that he could not put his name on the business because he was on disability. Golliday claimed he was hired, supervised, and paid by Roger. Golliday said Roger showed him how to operate the nail gun, how to repair pallets, and corrected his mistakes during the course of his work. Golliday testified that Roger was present at the business on a daily basis, ran the business, bought all of the equipment, bought and sold the pallets, hired personnel, and serviced the equipment. Furthermore, Roger would tell people that he owned the business and was the boss. Golliday also testified that Belinda had an active role in handling the business's financial affairs.

Roger and Belinda filed a motion for summary judgment, denying all claims that they were the active owners of the business. Roger testified by way of deposition that the business where Golliday worked was a business wholly owned by Darcell. Roger stated that he did not perform any work at the business because he was on disability, but he admitted he "hung around," provided fatherly advice, and offered safety tips. Roger denied telling anyone that he was the boss, and as far as he was concerned, the business belonged to Darcell.

Roger and Belinda argued they merely provided Darcell the capital with which to launch the business. They testified that the money they spent for the business was considered a loan, but they did not take steps to apportion the income from the business between the loan and profits when handling the finances. Even though Roger and Belinda expected Darcell to repay the loan, he was unable to do so. Belinda testified that she and Roger sometimes paid for the business's expenses with funds from their personal checking account. Roger and Belinda did not claim any income from the business on their tax returns.

Darcell acknowledged the business would not be in operation but for the assistance of or from Roger and Belinda. Darcell testified that he did not know how the finances were handled for the business, as Belinda was responsible for that aspect. However, Darcell testified that he owned the business. Tax documentation demonstrated that Darcell reported his income in 2000 as a "Newberry pallet repairman," but also filed a Schedule C, which itemizes profits and losses from a business operated by a taxpayer as a sole proprietor, and a Schedule SE, which is filed by self-employed individuals.

The trial court denied Roger and Belinda's motion for summary judgment. The trial court stated, "Whether Darcell's pallet business was operated as a partnership rather than a sole proprietorship is therefore a question of fact and summary judgment is inappropriate."

Based upon the statements Roger and Belinda made in the Golliday negligence suit disclaiming any ownership interest in the business, First Financial brought a declaratory judgment action to determine whether it had a duty to defend or pay indemnity under its policy to Roger and Belinda for the injuries Golliday alleged he

sustained during the course of his employment with the pallet restoration business. First Financial claimed the insurance policy was void at its inception because Roger and Belinda were not the sole owners of the business as recited in the insurance policy. As a result, First Financial refused to provide coverage for Golliday's injuries. First Financial moved for summary judgment and cited evidence showing the business was Darcell's, or at least partially his, as set forth in Roger and Belinda's deposition testimony, their joint affidavit, their verified summary judgment motion from the Golliday negligence suit, and Darcell's deposition testimony.

In their response to First Financial's motion for summary judgment, Roger and Belinda advanced a position contradictory to the one they asserted in the Golliday suit. Without recanting their previous sworn testimony, Roger and Belinda stated they were the sole owners of the business. In addition to being the sole owners, Roger and Belinda stated they were extremely involved in the business's affairs, and they denied that Darcell was an owner. Roger and Belinda relied on Golliday's deposition testimony to support their claim by referencing Golliday's statements with respect to Roger being the boss.

The trial court granted summary judgment in First Financial's favor, finding there was no genuine issue of material fact in dispute "in that the named insured, Roger and Belinda Newberry, were not the sole owners of the business...and therefore there [was] no coverage under the insurance policy for the underlying accident involving Anthony Golliday." Roger and Belinda filed a motion for reconsideration in order to present additional evidence as to the ownership of the business. During the pendency of these cases, Roger, Belinda, and Darcell testified in yet another case concerning their business relationship. This case involved another declaratory judgment action brought by State Farm Insurance in relation to their homeowners insurance policy. The trial court granted their motion, and after hearing additional evidence, reaffirmed its judgment. Golliday, Roger, and Belinda then brought this appeal.

Because Golliday's point on appeal and Roger and Belinda's sole point are substantially similar, we will address them together. Golliday makes two alternative claims: (1) the trial court erred in declaring that First Financial's commercial insurance policy did not provide coverage for Roger and Belinda because there was sufficient evidence that Roger and Belinda were the sole owners under the policy, or (2) the trial court's decision should be reversed because the ownership of the business was in dispute. Roger and Belinda claim the trial court erred in granting summary judgment because Golliday presented evidence that they were the sole owners of the business which contradicted First Financial's position. We agree with Roger and Belinda.

The course of this litigation is fraught with inconsistency, which is particularly evidenced by Roger and Belinda's testimony. When defending a negligence action, Roger and Belinda disclaimed any and all ownership interest in the business, claiming Darcell is the owner. Roger and Belinda claim to have offered financial support only, while Darcell ran the business. They make these claims despite the evidence that they procured the building and lease, pay the insurance premiums, purchased all of the necessary equipment, and pay some of the monthly expenses from their personal checking account.

Later, when First Financial denies coverage under the commercial insurance policy, Roger and Belinda take a different approach, arguing they are the sole own-

ers of the business, not Darcell. For this claim, Roger and Belinda assert they are extremely active in the business, they do so by relying on Golliday's deposition testimony from the negligence action. The positions are inherently contradictory, and all claims were made under oath.

■■■ "Neither the trial court nor the reviewing court are authorized to determine the credibility of statements or testimony made under oath when examining a motion for summary judgment." *Nolte v. Wittmaier*, 977 S.W.2d 52, 60 (Mo.App. E.D.1998)(*quoting Fenberg v. Goggin*, 800 S.W.2d 132, 134 (Mo.App. E.D.1990)). Rather, such matters are for determination by the trier of fact upon a complete trial. *Id.* Moreover, a genuine issue of material fact exists, precluding summary judgment, where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. *Casey v. Florence Const. Co., Inc.*, 939 S.W.2d 36, 39 (Mo.App.W.D. 1997).

■■■ We cannot determine the credibility of Roger and Belinda's statements made during the course of the litigation in this case due to the contradictions contained therein. Only the trier of fact can resolve these contradictions after a complete trial. As such, we hold the trial court erred in entering summary judgment because there is a genuine issue of material fact as to the sole ownership of the business.·

The trial court's judgment is reversed and remanded.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.