Mike LOTH, Appellant,

v.

## UNION PACIFIC RAILROAD COMPANY, Respondent.

### No. ED 94105.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 12, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 24, 2011.

Application for Transfer Denied June 28, 2011.

Leonard P. Cervantes, Jennifer Suttmoeller, Joseph A. Terry, St. Louis, MO, for appellant.

Stephen M. Buckley, Ann E. Buckley, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Today we address the propriety of judicial estoppel under certain facts and circumstances posited in a summary-judgment record. Plaintiff Mike Loth filed a Federal Employer's Liability Act (FELA) action against defendant Union Pacific Railroad Company. The trial court entered summary judgment in favor of the railroad, holding that the plaintiff was judicially estopped from proceeding with his FELA lawsuit because he had failed to include the lawsuit as an asset when obtaining a discharge of his debts in bankruptcy court. Because the trial court impermissibly made credibility determinations in awarding judgment in favor of the railroad, and because the evidence reasonably supports two inferences—one in favor of the railroad and one in favor of the plaintiff—regarding the plaintiff's intent in failing to disclose his claim, we reverse the trial court's judgment and remand for further proceedings.

### Factual and Procedural Background

The plaintiff filed a FELA action against the railroad in September of 2003, alleging that he suffered cumulative trauma injuries to his hands, wrists, fingers, and knees as a result of his work as a sheet-metal worker for the railroad. Approximately

six months later, the plaintiff filed a voluntary petition for chapter 7 bankruptcy.[1] Plaintiff did not list his pending FELA action on the schedule of assets or the statement of financial affairs that were attached to his bankruptcy petition.[2] The bankruptcy court granted plaintiff a discharge on July 16, 2004.[3] Plaintiff's FELA action was still pending at the time.

In August of 2008, four years after obtaining his discharge in bankruptcy, the plaintiff asked the bankruptcy court to reopen his case in order to include his FELA claim that he had "inadvertently" omitted when he filed his bankruptcy petition. In support of his motion, the plaintiff filed an affidavit, in which he stated that he had informed his bankruptcy attorney when they were preparing his bankruptcy petition that he had a pending FELA claim. According to the plaintiff's attestations, his attorney asked whether the claim would be settled within three years, and the plaintiff

answered it would not. The plaintiff further professed that he relied upon his bankruptcy attorney's advice in completing the bankruptcy documents. He also declared that he relied upon his bankruptcy attorney's advice in responding to questions at the first meeting of creditors. According to the plaintiff, the bankruptcy trustee asked him at that meeting whether he had any claims that might be settled within six months, and he responded that he did not. Two days after plaintiff filed his motion, the bankruptcy court granted the plaintiff's request to reopen the bankruptcy case.

■ Nearly a year later, in July of 2009, the railroad moved for summary judgment in the FELA action, asserting that the judicial-estoppel doctrine should bar plaintiff's FELA action because plaintiff had failed to list it as an asset when obtaining a discharge of his debts in bankruptcy court.[4] Relying entirely on federal-

---

1. Plaintiff filed his bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Arkansas.

2. Section 521 of the Bankruptcy Code requires a debtor file a "schedule of assets and liabilities ... and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). A cause of action is an asset that must be scheduled under Section 521(1). *See Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 897 (6th Cir.2004); *Lewis v. Weyerhaeuser Co.*, 141 Fed.Appx 420, 424 (6th Cir.2005). Item 20 of the Personal Property Schedule (Schedule B) attached to the plaintiff's bankruptcy petition asked for a description and estimated value of "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." Plaintiff responded there were "None." The Statement of Financial Affairs attached to the petition asked:
   4. **Suits and administrative proceedings, executions, garnishments and attachments**
      a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.... (Emphases in original).

This section then asked for the caption of any lawsuit and its case number, the nature of the proceeding, the court or agency and its location, and the status or disposition. The plaintiff responded there were "None." The plaintiff signed the Statement of Financial Affairs, declaring "under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct." Similarly, the plaintiff signed his bankruptcy petition, declaring "under penalty of perjury that the information provided in this petition is true and correct."

3. The bankruptcy court granted plaintiff a discharge under Section 727 of Title 11 of the United States Code.

4. Judicial estoppel "applies to prevent litigants from taking a position in one judicial proceeding, thereby obtaining benefits from that position in that instance and later, in a second proceeding, taking a contrary position in order to obtain benefits from such a contrary position at that time." *Vinson v. Vinson*, 243 S.W.3d 418, 422 (Mo.App. E.D.2007)(internal quotation omitted). The

court decisions, the railroad noted that the failure to disclose a cause of action in a bankruptcy proceeding provides an appropriate basis for the court to apply judicial estoppel.[5] The railroad acknowledged that in deciding whether to apply the doctrine, courts invariably consider whether the debtor's omission was inadvertent. As the railroad explained, the courts consider a failure to disclose "inadvertent" when the debtor either had no knowledge of the undisclosed claim or had no motive to conceal the claim. Under such circumstances, the railroad conceded, courts have stated that it may be appropriate to resist application of judicial estoppel. Put differently, the doctrine does not apply when a party's prior position was taken because of a good-faith mistake rather than as part of a scheme to mislead and manipulate the court. The railroad adamantly argued, however, that such was not the case here. Rather, the railroad insisted that the plaintiff's omission was not inadvertent because the plaintiff had both knowledge of his FELA claim and motive to conceal that claim from his creditors. The railroad stressed that plaintiff's motive to conceal the claim was inferred from the fact that by omitting the claim plaintiff could recover on his claim without his creditors' knowledge, and thus would be able to keep any and all proceeds for himself, to the exclusion of those creditors. The railroad also stressed that plaintiff's motive to conceal was inferred from the fact that plaintiff successfully obtained a no-asset discharge of his debts. The railroad posited that had the plaintiff disclosed the claim,

he likely would not have received a no-asset discharge.

The plaintiff countered that the court should refrain from applying the doctrine because he had made a good-faith effort to comply with the bankruptcy rules and the requirements of the court and had not engaged in a scheme to manipulate or mislead the court. Plaintiff noted that judicial estoppel is not a mandatory doctrine, but rather is an equitable doctrine, invoked by a court at its discretion. He further noted the court should apply judicial estoppel only in the most egregious circumstances, where a party intended to play "fast and loose" with the court and had clearly sought to manipulate the court process for his own advantage. Plaintiff contended that no such circumstances existed here. Rather, he asserted that he simply acted in good-faith reliance on his attorney's advice and on a good-faith belief that his answers were correct as he understood the questions. The plaintiff further pointed out that he took corrective measures when he became aware that he should have disclosed the pending litigation.

Plaintiff noted that besides two proposed inferences, the defendant had presented no evidence that he acted in bad faith. He contended that nondisclosure unaccompanied by bad faith does not justify the application of judicial estoppel. Citing language from a federal case, the plaintiff urged restraint in drawing negative inferences in his case, arguing that "[a]lthough it may generally be reasonable to assume that a debtor who fails to dis-

doctrine is "designed to preserve the dignity of the court and [e]nsure order in judicial proceedings." *Jeffries v. Jeffries*, 840 S.W.2d 291, 294 (Mo.App. E.D.1992)(internal quotation omitted).

**5.** The railroad cited the following cases: *Eastman v. Union Pacific Railroad Co.*, 493 F.3d 1151 (10th Cir.2007); *Jethroe v. Omnova So-*

*lutions, Inc.*, 412 F.3d 598 (5th Cir.2005); *In re Superior Crewboats*, 374 F.3d 330 (5th Cir. 2004); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir.2002); *Hay v. First Interstate Bank of Kalispell*, 978 F.2d 555 (9th Cir.1992); and *DeLeon v. Comcar Industries*, 321 F.3d 1289 (11th Cir.2003).

close a substantial asset in bankruptcy proceedings gains an advantage the specific facts of a case may weigh against such in inference." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1049 (8th Cir.2006)(internal quotation omitted). Plaintiff suggested that such was the case here—that the circumstances surrounding his nondisclosure militated against any inferences of dubious motive. Plaintiff further points to the reasoning of the *Stallings* court that "[a] rule that the requisite intent for judicial estoppel can be inferred from the mere fact of nondisclosure in a bankruptcy proceeding would unduly expand the reach of judicial estoppel in post-bankruptcy proceedings and would inevitably result in the preclusion of viable claims on the basis of inadvertent or good-faith inconsistencies." *Stallings*, 447 F.3d at 1049 (internal quotation omitted).

Plaintiff also urged restraint on the part of the trial court because, as the plaintiff argued, his behavior in failing to disclose his claim would not result in an unfair advantage for him. Plaintiff noted that he did not stand to benefit from his FELA action. Rather, he noted, it would be his creditors who would suffer harm if he was precluded from pursuing his claim. Plaintiff lastly posited that application of judicial estoppel could be contrary to public policy because it would frustrate the purpose of bankruptcy and penalize his creditors while bestowing a windfall upon the railroad.

In support of his response to the railroad's summary-judgment motion, the plaintiff filed an affidavit from Richard L. Cox, the bankruptcy trustee for plaintiff's bankruptcy estate.[6] In his affidavit, Cox noted the plaintiff had amended his bankruptcy schedules and statement of financial affairs to list the FELA claim as an asset of the bankruptcy estate, and that the plaintiff had claimed no exemption in the claim. He further stated that no creditor, party in interest, or other person or entity had objected to plaintiff's amended schedules, alleged that the plaintiff had committed fraud or had intentionally concealed any assets by omitting the existence of the claim from his original schedules, or had asked the bankruptcy court to revoke plaintiff's discharge in bankruptcy.

Continuing, Cox affirmed that the bankruptcy court had made no finding or determination that plaintiff had committed fraud or had intentionally concealed assets. Cox declared that, based on his review of the pleadings filed in the bankruptcy case and the circumstances surrounding the matter, he was satisfied that the plaintiff had not endeavored to intentionally conceal assets from his creditors, the bankruptcy trustee, or the bankruptcy court. Cox opined that plaintiff had neither committed fraud nor intentionally concealed assets based on his experience and three factors. First, the plaintiff had self-reported the omission before the claim was resolved, thereby placing all creditors and parties in interest in the same position they would have been in

---

6. The railroad complains that in numerous respects the plaintiff did not comply with Rule 74.04, which governs summary-judgment motions. The railroad moved the trial court to strike plaintiff's sur-reply and objected to the filing of plaintiff's amended response, to which plaintiff attached the Cox affidavit. The trial court took the railroad's motion under submission. However, we find no indication in the record that the trial court struck the plaintiff's reply or the Cox affidavit such that they are not now part of the summary-judgment record. We need not resolve this issue. Even if the plaintiff's reply and the Cox affidavit are excluded from the record, the trial court, in ruling for the railroad, still drew an inference favorable to the railroad, despite the fact that the evidence also supported an inference favorable to the plaintiff.

had the plaintiff listed the claim on his original schedules. Second, plaintiff had not claimed an exemption in and sought recovery of the potential proceeds. And third, the plaintiff had cooperated and had offered a reasonable explanation for the claim's omission. Cox explained that had plaintiff listed the claim on his original schedules, he would have been entitled to claim an exemption in and to seek some portion of the proceeds of the claim. However, because the plaintiff had not claimed an exemption in the potential proceeds when the bankruptcy court reopened his case, Cox explained that it would be the plaintiff's creditors, not the plaintiff, who would receive the benefit of the proceeds of the FELA claim. Cox stated that, depending on the amount of the potential settlement or judgment, it might be possible to pay all of plaintiff's creditors in full from the proceeds of the FELA claim. Lastly, Cox reiterated that the FELA claim was the property of the bankruptcy estate and would benefit the creditors of the estate, and declared it was the position of the bankruptcy estate that the FELA claim should not be summarily dismissed.

In sum, relying upon his own affidavit and the Cox affidavit, the plaintiff argued that summary judgment was not appropriate because a genuine dispute of fact remained as to whether he acted in bad faith in failing to disclose his FELA claim by engaging in a deliberate scheme to mislead the court to gain unfair advantage as opposed to having made a good-faith mistake born of misunderstanding, ignorance of legal procedures, lack of adequate legal advice, or some other innocent cause.

The trial court heard arguments from the parties and then entered judgment in favor of the railroad. The court found that the three *New Hampshire v. Maine*[7] factors in favor of a finding of judicial estoppel had been satisfied and that there was no showing of inadvertence or mistake. Specifically, the court first found that plaintiff's filing of the FELA claim was inconsistent with his representation to the bankruptcy court that no such claim existed. Second, the court found that the bankruptcy court's grant of a discharge to plaintiff constituted a judicial acceptance of plaintiff's position that he had no claim. And third, the court found that plaintiff's conduct would have given plaintiff an unfair advantage, because plaintiff's conduct would have enabled him to shield any recovery from his creditors. The court expressly noted that the parties "strenuously disputed" whether plaintiff's omission was inadvertent or a good-faith mistake. Nevertheless, the court stated it was clear from plaintiff's affidavit that both the plaintiff and his attorney were aware of, and had discussed, plaintiff's FELA claim at the time plaintiff filed his bankruptcy petition. The court proclaimed further that:

---

7. *New Hampshire v. Maine*, 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). In that case, the United States Supreme Court observed that the circumstances under which judicial estoppel may appropriately be invoked are not reducible to any precise formula. *New Hampshire*, 532 U.S. at 750, 121 S.Ct. 1808 (internal quotation omitted). Nevertheless, the Court mentioned the following three inquiries that, while not an exhaustive formula, aid a court in determining whether to apply the doctrine: (1) whether a party's later position is "clearly inconsistent" with its earlier position; (2) whether the party "has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and (3) whether the party seeking to assert an inconsistent position "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750–51, 121 S.Ct. 1808.

... regardless of whether plaintiff intended to obtain an unfair advantage, *plaintiff had a motive not to disclose the FELA claim as an asset.* Notwithstanding plaintiff's protestations, the record does not establish a genuine issue of fact concerning whether the omission was inadvertent or mistaken. On the contrary, *the omission to disclose was plainly the product of a deliberate, considered decision by plaintiff* (Emphases added).

The court lastly noted that incorrect legal advice does not constitute a mistake, that it does not relieve the client of the consequences of his own acts, and that the subsequent re-opening of bankruptcy proceedings does not negate judicial estoppel with respect to the initial nondisclosure, unless the omission was inadvertent or the result of mistake. Finding factors in favor of the application of judicial estoppel and no showing of inadvertence or mistake, the trial court therefore entered judgment in favor of the railroad and against the plaintiff on all claims alleged in plaintiff's petition and then dismissed the plaintiff's petition with prejudice.

The plaintiff appeals, alleging that in granting summary judgment for the railroad the trial court impermissibly made credibility determinations and imputed a motive to conceal to him. The plaintiff contends the evidence reasonably supports either of two inferences: (1) that his failure to disclose his FELA claim the bankruptcy proceedings was inadvertent and/or a good-faith mistake; or (2) that his failure to disclose his FELA claim in the bankruptcy proceedings was a "deliberate considered decision" designed to mislead the court and conceal his claim from his bankruptcy creditors in order to gain an unfair advantage. Accordingly, plaintiff argues, because there are two plausible inferences that can be drawn from the evidence, a genuine issue of material fact exists, making summary judgment improper.

### Standard of Review

Appellate review of summary judgment is *de novo.* *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). This Court's criteria for ascertaining the propriety of summary judgment are the same as those used initially by the trial court. *Id.* As the trial court's judgment is based on the record submitted and the law, we need not defer to the trial court's order granting summary judgment. *Id.* "The propriety of summary judgment is purely an issue of law." *Id.* Summary judgment is appropriate where the moving party demonstrates a right to judgment as a matter of law based on facts as to which there is no genuine dispute. *Id.*; Rule 74.04(c). "Summary judgment tests simply for the existence, not the extent, of these genuine disputes." *ITT Commercial Finance,* 854 S.W.2d at 378. "[W]here the trial court, in order to grant summary judgment, must overlook material in the record that raises a genuine dispute as to the facts underlying the movant's right to judgment, summary judgment is not proper." *Id.*

### Discussion

■ Our decision today rests entirely on the principles that must guide courts of this state when considering motions for summary judgment. The trial court wandered astray from one, if not two, of those principles, which when properly considered and applied, demonstrate that summary judgment in this case is not proper. We make no determination as to the reach of the doctrine of judicial estoppel in Missouri. Nor do we determine the merits of applying the doctrine of judicial estoppel in this case.

In granting summary judgment for the railroad, the trial court found that the plaintiff had a "motive not to disclose the FELA claim as an asset," and that the plaintiff's omission was "plainly the product of a deliberate, considered decision" by plaintiff. In reaching these conclusions, the trial court either disregarded or disbelieved plaintiff's evidence. Plaintiff's and Cox's affidavits contradict these inferred conclusions.

■ It is well-established that the court is not allowed to make credibility determinations when considering summary-judgment motions. *United Missouri Bank, N.A. v. City of Grandview,* 105 S.W.3d 890, 898 (Mo.App. W.D.2003). "Neither the trial court nor the reviewing court are authorized to determine the credibility of statements or testimony made under oath when examining a motion for summary judgment." *First Financial Insurance Co. v. Golliday,* 91 S.W.3d 679, 683 (Mo. App. E.D.2002). Rather, such matters are for the trier of fact. *Id.; United Missouri Bank,* 105 S.W.3d at 898. When a court is faced with a credibility determination on an issue material to the cause of action, summary judgment is not appropriate. *Lomax v. DaimlerChrysler Corp.,* 243 S.W.3d 474, 483 (Mo.App. E.D.2007).

The trial court here was faced with, and impermissibly made, credibility determinations. The court itself noted that the parties "strenuously disputed" whether plaintiff's omission was a good-faith mistake. In considering the propriety of summary judgment, we simply cannot determine the credibility of plaintiff's or Cox's statements, or any other evidence going toward the issue. A genuine dispute remains to be resolved. As such, summary judgment is not proper.

Even if credibility was not at issue, the evidence is susceptible to more than one inference, precluding summary judgment.

When considering the propriety of summary judgment, it is well-established that the court views the record, and any reasonable inferences from the record, in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance,* 854 S.W.2d at 376. The rule that the non-movant is given the benefit of all reasonable inferences means that if the movant requires an inference to establish the right to summary judgment, and the evidence reasonably supports any inference other than, or in addition to, the movant's inference, a genuine dispute exists and the movant is not entitled to summary judgment. *Id.* at 382; *see also Lunn v. Anderson,* 302 S.W.3d 180, 192 (Mo.App. E.D.2009). In other words, summary judgment "should not be granted unless evidence could not support any reasonable inference for the non-movant." *Daugherty v. City of Maryland Heights,* 231 S.W.3d 814, 818 (Mo. banc 2007).

The trial court could only reach its conclusions that plaintiff had a motive to conceal his claim by drawing inferences. The railroad presented no evidence of plaintiff's motive other than its assertion that motive was inferred. The inferences the trial court drew to reach its decision favor the railroad, the movant for summary judgment. However, the evidence also reasonably supports an inference other than that suggested by the railroad. While the evidence may well support an inference that the plaintiff's failure to disclose his FELA claim was a deliberate, considered decision designed to manipulate or mislead the court to plaintiff's advantage, the evidence also supports an inference that plaintiff had not engaged in such a connivance, but rather had simply made a good-faith mistake. Because there are two plausible inferences that reasonably can be drawn from the evidence regarding plaintiff's intent in failing to disclose his

FELA claim in his bankruptcy action, a genuine dispute exists and summary judgment is not proper.

The railroad, in moving for summary judgment, relied exclusively on federal caselaw wherein the courts infer a deliberate or intentional manipulation of the court from the record and nondisclosure alone.[8] We find these cases unconvincing.

The federal caselaw is premised on meaningfully different facts. First, the plaintiff here self-disclosed the omitted claim and did so before the claim was concluded. Second, plaintiff here has not claimed an exemption in and sought recovery of the potential proceeds of the FELA claim. Third, the plaintiff here has offered a reasonable explanation of his conduct. Fourth, the bankruptcy trustee here urged against the summary dismissal of plaintiff's FELA claim. Fifth, the dismissal of the FELA claim here injures the plaintiff's creditors while conveying a windfall to the railroad.

The federal caselaw also reveals a less exacting use of summary judgment. We disagree with the federal courts' approach inferring and imputing motive to conceal merely from the general proposition that a non-disclosing debtor might "reap a windfall" if they are able to recover on undisclosed claims. One should not infer guilt from the mere presence of motive. And such mechanical reasoning has no place with the discretionary application of an equitable doctrine. In any event, such inferred motive in this case is militated against by the fact that it will be plaintiff's creditors who will receive the benefit of the proceeds should plaintiff prevail in his FELA claim. It has been correctly noted that judicial estoppel is an equitable doc-

trine and it "is not equitable to employ it to injure creditors...." *Cannon–Stokes v. Potter,* 453 F.3d 446, 448 (7th Cir.2006). And the Eighth Circuit has wisely observed that "[a]lthough it may generally be reasonable to assume that a debtor who fails to disclose a substantial asset in bankruptcy proceedings gains an advantage, *the specific facts of a case may weigh against such in inference." Stallings,* 447 F.3d at 1049 (internal quotation omitted)(emphasis added). Here, the specific facts weigh against such inference being drawn in a summary-judgment proceeding. Here, there is a genuine dispute about whether the plaintiff made a good-faith mistake.

It is difficult to know the motives of others, particularly on the basis of a cold record. Our Missouri Supreme Court, in the context of employment-discrimination cases, has cautioned that summary judgment should "seldom be used" in those type cases because such cases are "inherently fact-based and often depend on inferences rather than on direct evidence." *Daugherty,* 231 S.W.3d at 818. Courts would do well to heed this advice when considering whether to grant summary judgment on the basis of judicial estoppel.

In conclusion, the trial court erred in entering summary judgment in favor of the railroad. We therefore reverse the trial court's judgment and remand the cause for a hearing on the merits of applying judicial estoppel.

SHERRI B. SULLIVAN, P.J., concurs.

CLIFFORD H. AHRENS, J., dissents in separate opinion.

---

8. The railroad cited the following cases: *Eastman v. Union Pacific Railroad Co.,* 493 F.3d 1151 (10th Cir.2007); *In re Superior Crewboats,* 374 F.3d 330 (5th Cir.2004); *DeLeon v.* *Comcar Industries,* 321 F.3d 1289 (11th Cir. 2003); and *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282 (11th Cir.2002).

CLIFFORD H. AHRENS, Judge.

The majority holds that summary judgment for the railroad in this FELA action based on judicial estoppel was inappropriate because the summary judgment record supports two competing inferences regarding Appellant's intention when he failed to disclose his pending FELA claim throughout his bankruptcy action. As there is only one *reasonable* inference, the trial court did not abuse its discretion in granting summary judgment based on judicial estoppel. I therefore respectfully dissent.

As the majority acknowledges, the rule that the non-movant is given the benefit of all reasonable inferences means that if the movant requires an inference to establish the right to summary judgment, and the evidence reasonably supports any inference other than, or in addition to, the movant's inference, a genuine dispute exists and the movant is not entitled to summary judgment. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. 1993). In this case, the summary judgment facts established that Appellant had knowledge of his FELA claim and failed to disclose the claim in his bankruptcy proceedings. Appellant received a no-asset discharge in bankruptcy of $40,000 in debts. I believe the only reasonable inference from the record is that Appellant had a motive to conceal the FELA claim from his creditors in the bankruptcy.

"The success of our bankruptcy laws requires a debtor's full honest disclosure." *De Leon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1292 (11th Cir.2003). The majority acknowledges a number of federal decisions involving nondisclosure where courts infer a deliberate or intentional manipulation from the record and apply judicial estoppel, but the majority finds those cases unconvincing. I disagree and find them instructive here, particularly as Appellant's FELA and bankruptcy cases are governed by federal substantive law. Like Missouri summary judgment practice, the federal courts, in determining whether summary judgment is appropriate, view the facts and all reasonable inferences to be drawn therefrom in a light most favorable to the nonmoving party. *Scott v. Missouri Valley Physicians, P.C.*, 460 F.3d 968, 969 (8th Cir.2006).

Facts similar to this case were presented in *Eastman v. Union Pacific Railroad Co.*, 493 F.3d 1151 (10th Cir.2007). There, the court applied judicial estoppel to bar the plaintiff's FELA claim because he failed to disclose the pending claim in his chapter 7 bankruptcy action. *Id.* at 1153. The plaintiff claimed the non-disclosure was inadvertent and blamed his attorney. *Id.* at 1157. The court stated that an "inadvertent or mistaken" failure to disclose is generally only recognized when the "debtor lacks knowledge of the undisclosed claims or has no motive for their concealment." *Id.* And, "[w]here a debtor has both knowledge of the claims and a motive to conceal them, courts routinely ... *infer* deliberate manipulation." *Id.* (emphasis added). The evidence showed that the plaintiff was aware of his pending FELA claim. Thus, the court found that "the only reasonable inference" was that the plaintiff knew of the pending lawsuit and his likely financial benefit and did not disclose it to the bankruptcy court. *Id.* at 1159.

Like in *Eastman,* here the only reasonable inference is that Appellant knew of his pending lawsuit and his likely financial benefit, yet failed to disclose the claim to the bankruptcy court. Appellant admits in his affidavit that both he and his attorney knew of his pending FELA claim at the time of filing of his bankruptcy petition, and had discussed it. He further admits that he falsely denied having any

existing claims while under oath. Similar to *Eastman,* Appellant alleges that he failed to disclose the claim on the advice of his attorney. "Yet bad legal advice does not relieve the client of the consequences of [his] own acts." *Cannon–Stokes v. Potter,* 453 F.3d 446, 449 (7th Cir.2006). By denying the existing claim, Appellant enjoyed the possibility of a post-bankruptcy windfall that his creditors would not share. The trial court found that the record does not establish a genuine issue of fact concerning whether the omission was inadvertent or mistaken. The trial court further found that the omission to disclose was plainly the product of a deliberate, considered decision by plaintiff. Notwithstanding any implicit determination of credibility perceived by the majority, the cold record in this case—namely Appellant's own affidavit and admissions—supports the trial court's findings. Here, as in *Eastman,* the only *reasonable* inference from Appellant's knowledge of his pending FELA claim and failure to disclose it to the bankruptcy court is that he had a motive to conceal the claim in order to pursue it following a discharge in bankruptcy of his debts. Although the majority infers no such motive because Appellant's creditors will receive the proceeds of his FELA claim should he prevail, the fact remains that any surplus would revert to Appellant. 11 U.S.C. § 726(a)(6) (2010). Accordingly, the trial court did not abuse its discretion in applying judicial estoppel to bar Appellant's FELA claim.[1] I would affirm the judgment of the trial court.

---

[1] It matters not that Appellant's bankruptcy was reopened once his omission became known. A discharge in bankruptcy is sufficient to establish a basis for judicial estoppel even if the discharge is later vacated. *Eastman,* 493 F.3d at 1160.