

# Missouri Court of Appeals

## Southern District

### Division One

LEOLA DEGONIA,            )
                               )
           Appellant,        )
                               )
     vs.                         )      No. SD33805
                               )
WEBB CITY R-VII SCHOOL DISTRICT, )      FILED: November 17, 2015
                               )
           Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

### Honorable David B. Mouton, Judge

### REVERSED AND REMANDED

Plaintiff slipped on a puddle in a school cafeteria, fell, was injured, and sued, alleging a "dangerous condition" waiver of sovereign immunity (§ 537.600.1(2)).[1] After discovery, School won summary judgment, having convinced the court that Plaintiff could not show that School had constructive notice of the puddle. Plaintiff appeals.

We give the trial court's judgment no deference on review. ***ITT Commercial***

---

[1] For convenience, we refer to the parties as "Plaintiff" and "School." Statutory citations are to RSMo 2000. Rule references are to Missouri Court Rules (2014).

***Fin. Corp. v. Mid-America Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993). Viewing the record most favorably to Plaintiff and giving her the benefit of all reasonable inferences, *see id.*, we reverse the judgment and remand for further proceedings.

## Issue

The parties agree that the issue is whether Plaintiff can show that School had constructive notice of the puddle in time to have taken remedial action.[2]

## Uncontroverted Facts

The few material uncontroverted facts established by Rule 74.04 procedure are easily summarized. The puddle, about the size of a sheet of paper, formed on the cafeteria floor due to a "slow" roof leak (also described as "a little drip" or "seep"). Several staff members were eating 5-10 feet away when Plaintiff fell. Nearly 320 students also were seated for lunch. Plaintiff fell in the path these students and employees had just taken.

## Analysis

From the above facts, each party draws a decisive inference favorable to itself and contrary to that drawn by its opponent. We first quote Plaintiff, who cites

> the fact that the ceiling leak was slow, and the size of the puddle was
> the size of a sheet of notebook paper or a little larger, we know that
> the teachers were within five to six feet of the puddle and leak, and

---

[2] School is an entity authorized to claim sovereign immunity against negligent acts. ***Patterson v. Meramec Valley R-III School Dist.***, 864 S.W.2d 14, 15 (Mo.App. 1993). Sovereign immunity's scope and waiver have been codified in § 537.600. ***Id.*** The "dangerous condition" waiver alleged by Plaintiff has several statutory elements, but at issue here is only whether School had "constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition." § 537.600.1(2).

the principals and administrators were within the range of sight, while the ceiling was leaking and while the puddle of water was on the floor. This is not mere speculation; this is what the evidence demonstrates. Certainly, a reasonable jury could infer that the aforementioned Webb City employees could have and should have seen the puddle and leak.

In reply, School acknowledges Plaintiff's argument and the inference she would have a factfinder draw, but urges the contrary inference: "Quite frankly, only the opposite conclusion—that the puddle was not seen by 'a multitude' of people because the puddle was not there—can reasonably be drawn from these facts."

Thus, "the evidence is susceptible to more than one inference, precluding summary judgment." *Loth v. Union Pacific R.R. Co.*, 354 S.W.3d 635, 642 (Mo.App. 2011). That a non-movant must be given benefit of all reasonable inferences "means that if the movant requires an inference to establish the right to summary judgment, and the evidence reasonably supports any inference other than, or in addition to the movant's inference, a genuine dispute exists and the movant is not entitled to summary judgment." *Id.* "In other words, summary judgment 'should not be granted unless evidence could not support any reasonable inference for the non-movant.'" *Id.* (quoting *Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 818 (Mo. banc 2007)).

Here, as in *Loth*, the trial court could grant summary judgment only by drawing an inference. Yet also as in *Loth*, "there are two plausible inferences that reasonably can be drawn from the evidence ... [so] a genuine dispute exists and summary judgment is not proper." *Id.* at 642-43.

3

## Conclusion

On summary judgment, courts are not privileged to weigh and decide between plausible inferences from the record. That duty is reserved for a factfinder at a trial. We reverse the trial court's judgment and remand the case for further proceedings.

DANIEL E. SCOTT, P.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS