LAWRENCE E. MOONEY, JUDGE
The plaintiff, Lynette Petruska, appeals the summary judgment entered by the Circuit Court of St. Louis County concluding that the defendant, the City of Kinloch, violated Chapter 610 (RSMo. 2016),[1] commonly known as the Sunshine Law, but that the violation was not knowing or purposeful. Petruska challenges the trial court's determination that the City did not knowingly or purposely violate the Sunshine Law.
The critical question is the City's intent when it violated the Sunshine Law, which is a question of fact. Resolution of Petruska's challenge requires the fact-finder to make credibility determinations and choose among competing inferences, determinations that are not permitted at the summary-judgment stage. Accordingly, we reverse and remand for determination whether the City's violation was either knowing or purposeful, thus subjecting the City to the potential imposition of a civil penalty and attorney's fees.
Factual and Procedural Background
Petruska is an attorney who represented the City's mayor-elect in a municipal charge of misrepresentation of authority and in impeachment proceedings. During an appearance in the City's municipal court, police arrested Petruska for purportedly causing a disturbance.
Petruska then sent numerous requests for records to the City pursuant to Missouri's Sunshine Law. Among her requests sent in early October 2015 was one for the name, length of service, and salary of each employee of the City, other than its police officers. The City responded with a list of employee names, job titles, and length of service along with the municipal ordinance setting forth the pay range for each of 29 job titles. The City, however, did not provide the amount of each employee's actual salary.
Petruska repeated her request for employee salary information in late October 2015 and February 2016. Meanwhile, the City consulted its legal counsel, and twice consulted the Attorney General's Office. The Attorney General's Office responded to the City's first inquiry, stating in relevant part:
The Missouri Sunshine Law states in § 610.021(13), RSMo that a body cannot close the names, positions, salaries or lengths of service of officers and employees of the public agencies. It appears that Ms. Petruska has asked for the City of Kinloch to provide her with *388 the salaries [of] its' (sic) employees. The Missouri Sunshine Law does not address the issue of a salary range and simply states that the salaries of employees will be made available.
The Attorney General's Office responded to the City's second inquiry, informing the City that its elected officials must request a formal advisory opinion. The City's board of aldermen voted to request a formal advisory opinion from the Attorney General's Office in March 2016. About three weeks later, Petruska filed suit under the Sunshine Law, never having received specific salary information for the City's employees.
Petruska filed a motion for summary judgment. The trial court granted the motion in part, concluding that the City violated the Sunshine Law by providing only salary ranges instead of actual salaries for its employees.[2] The trial court also denied the summary judgment motion in part, concluding that the City's violation was not knowing or purposeful because it provided salary ranges in response to Petruska's request.[3] Petruska appeals. Because the question of the City's intent requires the trial court to make credibility determinations and draw inferences, it should not have been resolved at the summary-judgment stage. Therefore, we reverse the trial court's conclusion that the City's violation was not knowing or purposeful, and we remand for determination of that question.
Standard of Review
Summary judgment allows a trial court to enter judgment for the moving party where the party demonstrates a right to judgment as a matter of law based on facts about which there is no genuine dispute. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially de novo. Id. When considering an appeal from summary judgment, we review the record in the light most favorable to the party against whom the court entered judgment. Id.
Discussion
In one point on appeal, Petruska claims the trial court erred in entering judgment in favor of the City when the court concluded that the City did not purposely violate the Sunshine Law.
The predominant purpose of the Sunshine Law is one of open government and transparency. Chasnoff v. Mokwa, 466 S.W.3d 571, 577 (Mo. App. E.D. 2015). A "public record" is any written or electronic record retained by or of any public governmental body. Section 610.010(6); Chasnoff, 466 S.W.3d at 577. A public governmental body must make its public records available to the public for inspection and copying. Section 610.023.2; Chasnoff, 466 S.W.3d at 577. Such records are subject to permissive exemptions listed in Section 610.021. Id.
Section 610.021 provides in pertinent part that:
[A] public governmental body is authorized to close meetings, records and *389 votes, to the extent they relate to the following:
* * *
(13) Individually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment, except that this exemption shall not apply to the names, positions, salaries and lengths of service of officers and employees of public agencies once they are employed as such ... [.]
(Emphasis added.) Public records are presumed to be open unless the Sunshine Law otherwise exempts them from being open. Section 610.022.5. The trial court determined that the City violated the Sunshine Law when it failed to provide the requested salaries of its employees. The City does not appeal this determination.
The only question before us is whether the trial court erred when it determined that the City did not knowingly or purposely violate the Sunshine Law. A knowing violation of the Sunshine Law occurs when a public governmental body has actual knowledge that its conduct violates a statutory provision. Laut v. City of Arnold, 491 S.W.3d 191, 198 (Mo. banc 2016). A purposeful violation occurs when a governmental body acts with a conscious intent, design, or plan to violate the law, and does so with awareness of the probable consequences. Id.
If a trial court finds by a preponderance of the evidence that a public governmental body knowingly violated the Sunshine Law, the public governmental body "shall be subject to a civil penalty in an amount up to one thousand dollars." Section 610.027.3. The court may also order the public governmental body to pay reasonable attorney fees and costs to the party establishing a violation. Id. If a trial court finds by a preponderance of the evidence that a public governmental body purposely violated the Sunshine Law, then the court shall impose a civil penalty in an amount up to five thousand dollars and shall award all costs and reasonable attorney fees to the prevailing party. Section 610.027.4. While a violation of the Sunshine Law does not itself require knowledge that a violation is occulting, imposition of a penalty does. Laut, 491 S.W.3d at 199.
"An issue of statutory interpretation is a question of law, not fact." Id. at 196 (quoting Treasurer of State-Custodian of Second Injury Fund v, Witte, 414 S.W.3d 455, 460 (Mo. banc 2013) ). Accordingly, the meaning of the terms "knowing" and "purposeful" set out in section 610.027 is a question of statutory interpretation, and so is a question of law. Id.
On the other hand, whether the conduct of the City comes within the scope of the statutory definitions of "knowing" or "purposeful" conduct is a question of fact. Id. (citing State v. Selman, 433 S.W.2d 572, 575 (Mo. 1968) (question of intent is fact question for jury) ). Generally, a party's state of mind is a question for the fact-finder. See, e.g., Butler v. Mitchell -Hugeback, Inc. , 895 S.W.2d 15, 20 (Mo. banc 1995) (whether defendants acted with intent to prevent discovery of construction defects involved factual questions necessarily left to fact-finder); Lane House Construction , Inc. v. Triplett, 533 S.W.3d 801, 806 (Mo. App. E.D. 2017) (in claim under Missouri Merchandising Practices Act, evidence and permissible inferences created question of fact for jury whether alleged conduct involved "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact"); Curtis v. James , 459 S.W.3d 471, 475 (Mo. App. E.D. 2015) (whether party made conveyance with fraudulent intent is question of fact);
*390 Essex Dev., Inc. v. Cotton Custom Homes, L.L.C. , 195 S.W.3d 532, 535 (Mo. App. E.D. 2006) (contract ambiguity raises question of fact regarding parties' intent as to meaning, and summary judgment is erroneous).
The parties do not dispute the basic facts about what actions the City took or that those actions violated the Sunshine Law. The real dispute lies in the City's intent in taking those actions-in other words, whether the City's actions in violating the Sunshine Law constitute a knowing or purposeful violation of the Sunshine Law or whether the City's violation did not rise to the level of knowing or purposeful conduct. Here, the fact-finder must determine whether the City's conduct was "knowing" or "purposeful," as those terms are defined in section 610.027, when the City declined to release its employees' salary information and instead repeatedly sought advice from the Attorney General's Office.
Resolution of this factual question requires the fact-finder to make credibility determinations and to choose among competing inferences, neither of which is permitted at the summary-judgment stage. Robinson v. Lagenbach , 439 S.W.3d 853, 860 (Mo. App. E.D. 2014). It is well-established that the trial court is not permitted to make credibility determinations when considering a motion for summary judgment. Loth v. Union Pacific R.R. Co. , 354 S.W.3d 635, 642 (Mo. App. E.D. 2011). Furthermore, when the evidence reasonably supports any inference other than or in addition to the inference propounded by the movant, a genuine dispute exists and summary judgment is improper. Id.
Conclusion
We find that the genuine factual dispute regarding the City's state of mind precludes summary judgment on the question of whether the City either knowingly or purposely violated the Sunshine Law. Accordingly, we reverse and remand for determination whether the City's violation was either knowing or purposeful.[4] ,[5]
COLLEEN DOLAN, P.J. and MARY K. HOFF, J., concur.

All statutory references are to RSMo. (2016).

The City did not appeal this conclusion by the trial court.

The City did not file a motion for summary judgment. Here, as in Stroke v. Robinwood West Community Improvement District, neither party has raised the issue of whether Rule 74.04 permits the trial court to enter summary judgment in favor of a non-moving party. 473 S.W.3d 642, 643 n.1 (Mo. banc 2015). Consequently, as our Supreme Court noted in Stroke, we will not address the propriety of granting summary judgment in favor of a non-moving party. Id. We also conclude it does not affect our resolution of this appeal.

Given our resolution of the appeal, we deny Petruska's motion for attorney's fees on appeal.

The trial court may, in its discretion, allow for further discovery on this question. If the court finds the violation was either knowing or purposeful, the court shall specify which it finds and whether to award a civil penalty and attorney's fees in accordance with section 610,027.