Juan De LEON, Plaintiff–Appellant,

v.

**COMCAR INDUSTRIES, INC.,**
**A Florida corporation,**
**Defendant–Appellee.**

No. 02–13688.

United States Court of Appeals,
Eleventh Circuit.

Feb. 18, 2003.

Merette Leigh Oweis, DiCesare, Davidson & Barker, PA, Lakeland, FL, for Plaintiff–Appellant.

John W. Bencivenga, William E. Sizemore, Kevin David Johnson, Thompson, Sizemore & Gonzalez, P.A., Tampa, FL, for Defendant–Appellee.

**PER CURIAM:**

Appellant Juan De Leon ("De Leon") appeals the district court's grant of summary judgment on his discrimination and retaliation claims against his former employer, Comcar Industries, Inc. ("Comcar"). The district court based its decision on the finding that judicial estoppel barred De Leon's claims because he failed to disclose those claims in his bankruptcy filings. For the reasons that follow, we affirm.

## I. BACKGROUND

De Leon filed a charge with the Equal Employment Opportunity Commission ("EEOC") on December 2, 1999. The EEOC sent De Leon correspondence on July 7, 2000, explaining that if the EEOC brought a civil action, he would have the right to intervene in the action, or if it

decided not to bring suit, he would be issued a right-to-sue letter. De Leon hired counsel to "gather information" on October 11, 2000.[1] Subsequently, on November 7, 2000, De Leon filed bankruptcy.

The EEOC issued a right-to-sue letter on April 19, 2001. De Leon filed a discrimination suit on May 14, 2001. He never amended his bankruptcy filing to add his lawsuit as a potential asset. The bankruptcy court issued an order confirming a Chapter 13 plan on July 30, 2001. De Leon filed an amended petition to reopen the bankruptcy estate in April 2002.

## II. ISSUE

Whether the district court erred in applying the doctrine of judicial estoppel to bar De Leon's claim.

## III. STANDARD OF REVIEW

 This court reviews the district court's grant of summary judgment *de novo. Levinson v. Reliance Standard Life Ins. Co.,* 245 F.3d 1321, 1325 (11th Cir. 2001). Additionally, this court reviews a district court's application of judicial estoppel for abuse of discretion. *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1284 (11th Cir.2002).

## IV. ANALYSIS

 In May of 2002, this court affirmed the application of judicial estoppel in a Chapter 7 bankruptcy case. *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1283 (11th Cir.2002). De Leon attempts to distinguish *Burnes* because that case involved a debtor who filed for bankruptcy under

Chapter 7, which allows for the complete discharge of debts. De Leon filed for bankruptcy under Chapter 13 through which his debts would be discounted and repaid.[2] However, a financial motive to secret assets exists under Chapter 13 as well as under Chapter 7 because the hiding of assets affects the amount to be discounted and repaid. *Burnes* made no distinction based on the type of bankruptcy at issue. We also conclude that any distinction between the types of bankruptcies available is not sufficient enough to affect the applicability of judicial estoppel because the need for complete and honest disclosure exists in all types of bankruptcies. Accordingly, we hold that the rule established in *Burnes,* that judicial estoppel bars a plaintiff from asserting claims previously undisclosed to the bankruptcy court where the plaintiff both knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court, applies equally in Chapter 13 bankruptcy cases.

 De Leon also argues that his effort to reopen his bankruptcy estate is evidence that his omission was inadvertent. *But see Burnes,* 291 F.3d at 1287 (explaining that " 'the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment' ") (quoting *In re Coastal Plains, Inc.,* 179 F.3d 197, 210 (5th Cir.1999)). While Chapter 13 does allow amendments to be made to add after-acquired assets and Chapter 7 does not, De Leon did not make such an amendment even after he filed suit. De-

---

**1.** De Leon argues that he hired counsel only to help him obtain information from the EEOC and that it was not until April of 2001 that her purpose as counsel changed from information gatherer to adversary preparing to file a lawsuit.

**2.** The plaintiff in *Burnes* originally filed bankruptcy under Chapter 13, but converted it to a Chapter 7 bankruptcy. 291 F.3d at 1284.

spite De Leon's continuing duty to disclose all assets or potential assets to the bankruptcy court, he did not amend his bankruptcy documents to add a potential employment discrimination claim until after Comcar relied on it in its motion to dismiss the case.

> The success of our bankruptcy laws requires a debtor's full honest disclosure. Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them.

*Burnes,* 291 F.3d at 1288.

Because De Leon certainly knew about his claim and possessed a motive to conceal it because his amount of repayment would be less, we can infer from the record his intent "to make a mockery of the judicial system." *Id.* at 1285–87. In conclusion, because the district court did not err in applying judicial estoppel to De Leon's retaliation and discrimination claims, we affirm its grant of summary judgment to Comcar.

AFFIRMED.