BARKETT, Circuit Judge,
dissenting:
I dissent because I believe that the circumstances of this case quite plainly militate against application of the doctrine of judicial estoppel. Donna Barger not only revealed her pending lawsuit to her bankruptcy attorney, who admitted he simply neglected to list the suit on Barger’s bankruptcy schedule due to an oversight, but she also specifically announced the suit at an open creditors’ meeting to the bankruptcy trustee.
The majority cites the appropriate standards for judicial estoppel under Eleventh Circuit law: a party must have taken inconsistent positions under oath, and these inconsistencies “must be shown to have been calculated to make a mockery of the judicial system.” Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1284 (11th Cir.2002). As the majority also notes, these two factors “are not inflexible,” and courts must “always give due consideration to all of the circumstances of a particular case.” Id. Because Barger’s actions clearly were not “calculated to make a mockery of the judicial system,” id., I believe the district court abused its discretion in applying the doctrine.
After filing for Chapter Seven protection, Barger signed several bankruptcy forms prepared by her attorney, one of which failed to list her pending lawsuit against the city. However, at a meeting of creditors two months later, Barger orally informed the bankruptcy trustee of her discrimination lawsuit. Although she described her suit as one for reinstatement of her prior position and did not specifical *1298 ly mention the other damages sought,[1] this voluntary disclosure undermines any suggestion that she intended to hide the suit from the trustee or the creditors. Moreover, had she listed the suit on the bankruptcy schedule, she would have been able to pursue the litigation after it was abandoned by the trustee.[2]
I cannot agree with the majority that relief under these facts is foreclosed by Burnes, 291 F.3d at 1287-88, and De Leon v. Comcar Industries, 321 F.3d 1289 (11th Cir.2003). The debtors in those two cases never disclosed their pending lawsuits to their respective bankruptcy trustees. See De Leon, 321 F.3d at 1291-92 (“Despite De Leon’s continuing duty to disclose all assets or potential assets to the bankruptcy court, he did not amend his bankruptcy documents.... ”); Burnes, 291 F.3d at 1288 (“Nevertheless, he once again failed to disclose the pending lawsuit to the bankruptcy court.”). Barger, by contrast, did disclose her claim, even if not in the legally appropriate way.
The majority correctly notes that under our case law, a plaintiff may not show “inadvertence” when she knew of the facts giving rise to the inconsistency in her positions and had a motive to conceal the inconsistency. However, Burnes and De Leon do not hold that the failure to meet the specific “inadvertence criteria” automatically implies an intent to “make a mockery of the judicial system.” Although a finding of inadvertence completely pre-eludes judicial estoppel under Bumes, failure to meet the specific inadvertence criteria does not mean that judicial estoppel must apply.[3] Rather, a party should be able to use “all of the circumstances” of her particular case in order to show that a court should not apply the equitable doctrine of judicial estoppel against her. I believe that Barger has made such a showing in this case, and I would reverse the district court.

. Barger is not an attorney, and her description could simply reflect how a non-lawyer might have perceived the lawsuit. There is certainly no indication of intentional deception on her part.

. Although the majority infers that Barger benefitted from non-disclosure, one might equally infer that the trustee's decision not to pursue the claim after it was brought to his attention (and his failure to act upon it subsequently) implied that the outcome in Barger’s bankruptcy case would not have changed. See also In re Barger, 279 B.R. 900, 907 (Bkrtcy.N.D.Ga.2002) (drawing this conclusion).

.Although the DeLeon court recast the holding in Bumes as triggering judicial estoppel whenever the plaintiff had knowledge of the undisclosed claim and motive to conceal it, 321 F.3d at 1291, the DeLeon court specifically inferred an "intent to make a mockery of the judicial system” in the case before it. Id. at 1292 (internal quotation marks omitted).