[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 31, 2004
THOMAS K. KAHN
CLERK

_____

No. 02-16185

_____

D. C. Docket No. 99-00038-CV-N-S

VICKI PARKER,

Plaintiff,

THOMAS E. REYNOLDS,

Intervenor-Plaintiff-
Appellant,

versus

WENDY'S INTERNATIONAL, INC.,
WEN-ALABAMA, Wen-Alabama, Inc.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 31, 2004)**

Before TJOFLAT, BIRCH and GOODWIN[*], Circuit Judges.

BIRCH, Circuit Judge:

Bankruptcy trustee Thomas E. Reynolds, plaintiff-intervenor in this employment discrimination action filed by Vicki Parker against Wendy's International, Inc., and Wen-Alabama, Inc. (hereinafter collectively referred to as "Wendy's"), appeals the district court's finding that judicial estoppel bars Reynolds from pursuing Parker's claim on behalf of Parker's creditors in bankruptcy. The district court applied our holding in Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002), and found that judicial estoppel was proper because Parker failed to disclose the existence of her discrimination claims when she filed for Chapter 7 bankruptcy. Because Parker's actions indicate that her omission in the bankruptcy court was inadvertent and because the equities balance in favor of allowing Reynolds to proceed, we REVERSE the decision of the district court.

## I. BACKGROUND

In January 1999, Parker filed a complaint, as amended, against Wendy's, alleging racial discrimination in the workplace and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Wendy's denied the

_____

[*] Honorable Alfred T. Goodwin, United States Circuit Judge for the Ninth Circuit, sitting by designation.

2

allegations contained in the complaint, and the case was set for trial. On 9 February 2001, Parker and her former husband filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern Division of Alabama. The schedules in the bankruptcy case did not list Parker's claim against Wendy's as a potential asset. On 31 May 2001, the bankruptcy court entered an order granting a "no asset" discharge for Parker and her former husband.

Thereafter, Parker's attorney in this case requested a trial continuance, contending that Parker had inadvertently failed to disclose the existence of her discrimination case to the trustee of her bankruptcy estate, Reynolds, who needed to be advised of the discrimination action in order to reopen the bankruptcy case. The court granted this motion. Reynolds moved to intervene in this case or, alternatively, for substitution as the real party in interest. Reynolds informed the district court that Parker had filed for relief under Chapter 7 on or about 9 February 2001, and had failed to disclose the existence of the discrimination claims. Reynolds stated that, after Parker's attorneys informed him that the discrimination case existed, he investigated and then moved to reopen the bankruptcy case to allow for further administration of the bankruptcy assets. The bankruptcy court granted his motion to reopen, and the district court granted Reynolds's motion to

intervene.

Wendy's then moved to dismiss Parker's discrimination claims. Wendy's argued that, under our reasoning in <u>Burnes</u>, Parker's claims for monetary damages were barred by the doctrine of judicial estoppel because she failed to disclose the existence of her discrimination suit to the bankruptcy court. Wendy's contended that Parker had knowledge of her discrimination claims prior to, and during, the bankruptcy proceedings and that she would not have been entitled to a "no asset" complete discharge of all debts had her creditors, Reynolds, or the bankruptcy court known of a lawsuit claiming substantial damages. According to Wendy's, the fact that the bankruptcy court reopened Parker's proceedings was relevant only as an acknowledgment that Parker's failure to disclose resulted in a tangible benefit to Parker in the bankruptcy proceeding.

The district court granted Wendy's motion to dismiss, construed as a motion for judgment on the pleadings. The district court found that "this case [wa]s factually and procedurally indistinguishable" from <u>Burnes</u> because Parker had failed to disclose the existence of her discrimination claim when she filed for Chapter 7 bankruptcy and the bankruptcy proceeding resulted in the discharge of her debts. R1-30 at 2. As a result, the district court held that Parker was judicially estopped from bringing her discrimination claim and dismissed her complaint with

4

prejudice.

Reynolds then moved for reconsideration, arguing that this case was distinguishable from Burnes. First, Reynolds pointed out that, where the real party in interest in Burnes was the debtor acting on his own behalf, here the real party in interest is the trustee, Reynolds, acting on behalf of Parker's creditors. Moreover, Reynolds argued that Parker and her attorneys informed Reynolds of the claim and Reynolds reopened the bankruptcy case before Wendy's had moved to dismiss based on judicial estoppel. Reynolds contended that this sequence of events also distinguished this case from Burnes because the debtor in Burnes only moved to reopen his bankruptcy case after the defendant argued judicial estoppel. Reynolds argued that judicial estoppel should not apply because Parker "ha[d] done the right thing for the creditors of the bankruptcy case by reopening the case and attempting to recover some value to be paid against their claims." R1-32 at 3. Finally, Reynolds contended that imposing judicial estoppel would result in an injustice to the innocent creditors who would be denied "the possibility of actually recovering some money" and would grant a windfall to Wendy's who would be able to "escape their own liability at the expense of the innocent [creditors] in the bankruptcy case." Id. at 4.

The district court denied Reynolds's motion for reconsideration, concluding

5

that the distinctions between this case and Burnes were not determinative. The district court found that neither Reynolds's intervention as the real party in interest nor the fact that Reynolds reopened the bankruptcy case prior to Wendy's assertion of judicial estoppel changed the fact that Parker, who remained a party to the discrimination action, asserted a claim that was inconsistent with the position she took in the bankruptcy proceeding. Reynolds timely appealed.

## II. DISCUSSION

Reynolds now appeals the district court's grant of judgment on the pleadings to Wendy's and its denial of Reynolds's motion for reconsideration.[1] Specifically, Reynolds argues that the district court abused its discretion when it applied judicial estoppel. We review a judgment on the pleadings de novo. Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). "Additionally, we review the district court's application of judicial estoppel for abuse of discretion." Burnes, 291 F.3d at 1284. "The abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." Talavera v. School Bd. of Palm Beach County, 129 F.3d 1214, 1216 (11th Cir. 1997).

---

[1] Because we reverse the district court's grant of judgment on the pleadings, we do not reach the issue of whether the district court properly denied Reynolds's motion for reconsideration.

6

As a threshold issue, we must determine whether these issues were properly preserved for appeal. Wendy's argues that Reynolds failed to preserve the issue of whether judicial estoppel applies for appellate review because, prior to the entry of the district court's order dismissing the case, he failed to respond to Wendy's motion to dismiss in which it first raised the issue of judicial estoppel. Wendy's argument fails because the judicial estoppel issue was raised in the district court–by Wendy's in its motion to dismiss. Moreover, judicial estoppel was the precise issue the district court addressed in its dismissal order and the issue presented in this appeal is whether that application was appropriate. Accordingly, the issue of judicial estoppel is subject to our review.

"Judicial estoppel is an equitable concept invoked at a court's discretion" and designed "to prevent the perversion of the judicial process ." Burnes, 291 F.3d at 1285 (citation omitted). Although the Supreme Court has noted that "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," New Hampshire v. Maine, 532 U.S. 742, 750, 121 S.Ct. 1808, 1815 (2001) (citations omitted), we generally consider two factors. "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the

7

judicial system." Burnes, 291 F.3d at 1285 (citation omitted). The district court correctly determined that the first prong of this test was met; however, the district court erred in concluding that the second prong was also met.

Reynolds concedes that Parker took inconsistent positions in bankruptcy court and district court. Reynolds argues that Parker's inconsistent statements should not be attributed to him and that, even if judicial estoppel would bar Parker, it should not bar Reynolds from pursuing this claim on behalf of Parker's creditors. Reynolds contends that judicial estoppel should not apply to him, as bankruptcy trustee, because he did not know of the discrimination claim during the bankruptcy proceedings and, therefore, did not take inconsistent positions in the courts. Moreover, Reynolds posits that applying judicial estoppel to him would not serve the policy of encouraging honest disclosure to the courts because Reynolds was never dishonest with the courts.

This argument fails because general bankruptcy law requires that the trustee in bankruptcy does not have any more rights than the debtor has and cannot reach more assets than the debtor can. Bank of Marin v. England, 385 U.S. 99, 101, 87 S. Ct. 274, 276 (1966) ("The trustee succeeds only to such rights as the bankrupt possessed; and the trustee is subject to all claims and defenses which might have been asserted against the bankrupt but for the filing of the petition."); see also In re

8

Halabi, 184 F.3d 1335, 1337 (11th Cir. 1999) ("[T]he trustee's powers are necessarily limited to the actual or potential property of the bankruptcy estate. The trustee's strong arm reaches only so far as to enable him to avoid 'any transfer of property of the debtor or any obligation incurred by the debtor. 11 U.S.C. §544(a).'" (citation omitted)). Because Parker made inconsistent statements under oath to the district court and to the bankruptcy court, the first prong of our general test for judicial estoppel is met.

Whether Parker's inconsistent statements were "calculated to make a mockery of the judicial system," as required by the second prong, is not as clear. This prong requires that Parker intended to mislead the bankruptcy court. "[J]udicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence." Burnes, 291 F.3d at 1286. In Burnes, we determined that intent can be inferred from the record and that such an inference is appropriate when the evidence shows that the debtor knew about the undisclosed claims and had motive to conceal them from the bankruptcy court. Id. at 1287. Although these factors, when present, can create an inference of intent, we note that they create only an inference and are not conclusive proof of intent. The other circumstances of the case may negate that inference. In Burnes, we noted that "courts must always give due consideration to all of the circumstances of a

particular case when considering the applicability" of judicial estoppel. Id. at 1286. We conclude that simply asking whether there was knowledge and motive to conceal, without considering all of the other circumstances of the case, as the district court did here, was error. Moreover, the error in this case was not harmless because the totality of the circumstances in this case shows that, even though Parker had knowledge and motive to conceal,[2] her omission was not intentional.

This case is distinguishable from Burnes because the timing of events indicate that Parker's omission of her discrimination claim from her bankruptcy estate schedule was inadvertent. In Burnes, the debtor did not attempt to disclose his discrimination claim to the bankruptcy court or to reopen his bankruptcy case until after the defendant in his discrimination action moved to dismiss based on judicial estoppel. In contrast, Parker disclosed her discrimination claim to Reynolds and the bankruptcy court as soon as she realized it was relevant to the bankruptcy proceeding and before Wendy's moved to dismiss. The timing of events indicates that Parker was not trying to gain an advantage from her omission. If Parker were trying to gain such an advantage, she would have tried to settle with

___

[2]Parker does not deny that she knew of her discrimination claim before and during the bankruptcy proceedings. Moreover, Parker would have motive to conceal this claim from the bankruptcy court–to receive a "no asset" discharge.

Wendy's quietly, keeping her no asset discharge and all of the settlement proceeds. Therefore, Parker does not appear to have been acting intentionally or with bad faith when she omitted this claim during the original bankruptcy proceedings.

The language in Burnes supports our conclusion that timing matters in determining whether judicial estoppel is proper. In Burnes, we focused on the fact that the debtor attempted to reopen his bankruptcy case "only after his omission ha[d] been challenged by an adversary," and we noted that allowing the case to proceed at that point "suggests that a debtor should consider disclosing potential assets only if he is caught concealing them." Id. at 1288. Moreover, in a similar case in which we upheld the application of judicial estoppel we focused on the fact that the debtor "did not amend his bankruptcy documents to add a potential employment discrimination claim until after [the defendant] relied on [the omission] in its motion to dismiss." De Leon v. Comcar Indus., Inc., 321 F.3d 1289, 1292 (11th Cir. 2003). Because the sequence of events shows that Parker's omission was inadvertent and that her inconsistent statements were not intended to "make a mockery of the judicial system," the second requirement for judicial estoppel is not met.

We also note that judicial estoppel is an equitable concept. Therefore, while considering the totality of the circumstances, we must also ask how the equities

11

balance. In this case, equity favors allowing the trustee to pursue Parker's discrimination claim for three reasons. First, we again note that the Parker's omission was unintentional and was not done in bad faith. Second, if we bar Reynolds from pursuing this claim, Parker's creditors, the only completely innocent parties in this case, will be denied a chance at recovery. Finally, allowing the case to go forward does not mean that Parker's inconsistent statements will necessarily be rewarded. The bankruptcy court may choose to sanction Parker for her omission by revocation of her discharge, or other actions. Because the equities balance in favor of letting Reynolds proceed with this claim, we conclude that the district court erred when he applied judicial estoppel to bar this suit.

### III. CONCLUSION

Because the evidence shows that Parker did not intend "make a mockery of the judicial system" and because the equities balance in favor of allowing Reynolds to pursue Parker's discrimination claim on behalf of Parker's creditors, we conclude that the district court erred in applying judicial estoppel. Accordingly, we REVERSE the district court's grant of judgment on the pleadings to Wendy's and REMAND this case to the district court for further proceedings consistent with this opinion.