[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11152
_____

D.C. Docket No. 1:11-cv-21777-KMM

MARCIA T. DUNN,
Chapter 7 Bankruptcy Trustee,

Plaintiff - Appellant,

versus

ADVANCED MEDICAL SPECIALTIES, INC.,
a Florida Corporation,
LORRAINE BROWN,
an Individual,
MAGGY PONS,
an Individual,

Defendants - Appellees.

_____

No. 12-15989
_____

D.C. Docket No. 1:11-cv-21777-KMM

In Re:

FLORENCIA TRONGE-KNOEPFFLER,

                    Debtor.

_____

FLORENCIA TRONGE-KNOEPFFLER,

                    Plaintiff,

MARCIA T. DUNN,
as Chapter 7 Trustee of the Bankruptcy Estate of
Florencia Tronge-Knoepffler,

                     Plaintiff - Appellant,

versus

ADVANCED MEDICAL SPECIALTIES, INC.,
a Florida Corporation,

                     Defendant - Appellee,

LORRAINE BROWN,
an Individual, et al.,

                     Defendants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(February 10, 2014)

2

Before MARCUS, and DUBINA, Circuit Judges, and HODGES,[*] District Judge.

PER CURIAM:

This is a consolidated appeal of two orders entered by the district court.  The first is an order granting summary judgment in favor of the defendants, and the second is an order denying appellant Marcia T. Dunn's ("Dunn" or "Trustee") amended motion to vacate.

After reviewing the record, reading the parties briefs, and having the benefit of oral argument, we affirm both the order granting summary judgment and the order denying Dunn's motion to vacate.

## I.  BACKGROUND

Florencia Tronge-Knoepffler ("Debtor") was employed as a Corporate Recruiter by defendant Advanced Medical Specialties, Inc. ("AMS") from October 16, 2006, until her employment was terminated on November 5, 2008.  Debtor suffers from Chronic Inflammatory Polyneuropathy ("CDIP"), which involves the swelling and inflammation of nerves that results in a loss of strength or sensation, and Monocular Diplopia, which is more commonly known as "double vision."  Debtor alleges that on multiple occasions throughout the course of her

---

[*] Honorable William Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

employment, AMS discriminated against her based on her disability and sex. As a result, Debtor filed suit alleging that AMS discriminated against her, in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.,* and paid her substantially less than her peers, in violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act. Debtor sought compensatory damages, as well as back pay, front pay, compensation for unpaid benefits, and recovery of loss of pension benefits.

Approximately two months after filing her lawsuit, Debtor and her husband, through a lawyer, filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of Florida under Chapter 7 of the United States Bankruptcy Code. It is undisputed that despite her filing of her lawsuit just two months prior to the filing for bankruptcy protection, Debtor did not disclose her lawsuit as a contingent asset under schedule B "Personal Property."

Shortly after the Chapter 7 bankruptcy filing, Dunn was appointed as Chapter 7 Trustee of the bankruptcy estate of Debtor. On August 2, 2011, Debtor filed an amended complaint in her lawsuit. The next month, the Trustee indicated that it had determined that granting Debtor's bankruptcy petition would be an abuse of the Bankruptcy Code. On November 7, 2011, however, the Trustee withdrew its determination. Two days later the bankruptcy court entered an order

4

granting Debtor and her husband a discharge under 11 U.S.C. § 727, which released them from all of their debts.

On December 20, 2011, AMS filed a motion for summary judgment, arguing it was entitled to judgment as a matter of law, because Debtor was judicially estopped from bringing the claims asserted in the amended complaint. Specifically, AMS contended that judicial estoppel applied because of Debtor's motive to conceal the claim and her intentional failure to disclose her ADA complaint in her bankruptcy schedules. Subsequently, the district court entered judgment in favor of AMS on all of Debtor's claims, finding that Debtor had both knowledge of her lawsuit and a significant motive to conceal the action from the bankruptcy court.

After Debtor filed an appeal of the summary judgment order, the Trustee filed her amended motion to vacate under Federal Rule of Civil Procedure 60(b)(4). The Trustee argued that once Debtor filed her Chapter 7 bankruptcy petition, the Trustee became the real party in interest in the lawsuit and the only entity with standing to pursue the cause of action. Because the Debtor allegedly lacked standing to continue to prosecute the case, the Trustee claims that the judgment is void, and the Trustee should be allowed to continue to pursue the claims against AMS. The district court denied the Trustee's amended motion to

5

vacate under Rule 60(b)(4), which provides for relief from judgment based on voidness.

## II.  ISSUES

(1) Whether the district court correctly granted summary judgment in favor of AMS on the ground of judicial estoppel.

(2) Whether the district court correctly denied the Trustee's motion to vacate under Rule 60(b)(4).

## III.  STANDARDS OF REVIEW

While an order granting summary judgment typically is subject to *de novo* review by this court, *see Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1264 (11th Cir. 2006), it is equally well-settled that the district court's application of the doctrine of judicial estoppel is reviewed for abuse of discretion, *see Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010).  Because this case was decided upon the theory of judicial estoppel, the applicable standard of review is abuse of discretion, with a review of the findings of fact for clear error.  *Id*.

On the other hand, the district court's order denying the Trustee's Rule 60(b)(4) motion is reviewed *de novo*.  *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).

## IV.  DISCUSSION

6

A. *Summary Judgment and Judicial Estoppel*

"Judicial estoppel is an equitable doctrine invoked at a court's discretion." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). In particular, this doctrine is intended to protect the integrity of the judicial system. *Id.* (citing *New Hampshire v. Maine*, 582 U.S. 742, 749-50, 121 S.Ct. 1808, 1814 (2001)). "Under this doctrine, a party is precluded from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Id.* (internal quotation marks omitted).

We conclude from the record that the district court correctly granted summary judgment in favor of AMS. This circuit repeatedly has recognized that when a debtor fails to disclose a pending lawsuit to the bankruptcy court, while having knowledge of the lawsuit and a motive to conceal it, the doctrine of judicial estoppel bars the undisclosed action from proceeding. *See Robinson*, 595 F.3d at 1272; *Barger v. City of Cartersville*, 348 F.3d 1289, 1296-97 (11th Cir. 2003); *De Leon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003); *Burnes*, 291 F.3d at 1285-88.

There can be no genuine dispute that the doctrine of judicial estoppel was properly applied to Debtor and her filings with the bankruptcy court. In seeking to obtain a complete discharge of all of her debts, she represented under oath that she

7

did not have any contingent or unliquidated claims and denied that she had brought any lawsuits within the past year. Debtor made these representations on July 18, 2011, even though she had filed her lawsuit two months earlier. In addition, prior to filing these sworn statements with the bankruptcy court, the court repeatedly admonished Debtor and reminded her that her disclosures must be complete and truthful. She signed several statements acknowledging her obligation to be truthful in her filings, and she acknowledged, under oath, that she had read her petition and other papers before filing them. As a result of her bankruptcy filings, Debtor obtained a complete discharge of her debts. Yet, while concealing this matter from the bankruptcy court and obtaining a discharge of her liabilities, she proceeded to litigate the employment action before the district court by, among other things, quantifying her damages as more than $1.8 million.

In her brief, the Trustee argues there is an issue of fact as to whether Debtor intentionally failed to disclose this action to the bankruptcy court. In support of this argument, the Trustee asserts that Debtor submitted an affidavit in opposition to summary judgment where she alleged that she informed her lawyer of the lawsuit and believed that the lawsuit had been included in her bankruptcy filings. The district court disregarded this affidavit by finding it was a sham. We agree with that finding. *See, e.g., Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736

8

F.2d 656, 657 (11th Cir. 1984) (agreeing with district court that under the facts presented, the affidavit was a sham).

Even if we assume, *arguendo*, that Debtor notified her bankruptcy lawyer of her lawsuit and he failed to include it in the bankruptcy filings, that fact would not forestall the application of the doctrine of judicial estoppel. *See Barger*, 348 F.3d at 1294-95. Thus, in this case, we conclude Debtor's attempt to blame her concealment on her bankruptcy lawyer is of no consequence.

Accordingly, we affirm the district court's grant of summary judgment in favor of defendants.

B. *Rule 60(b)(4).*

We also conclude from this record that the district court properly denied the Trustee's motion to vacate under Rule 60(b)(4). Here, the Trustee failed to show that the district court acted without jurisdiction or due process. The record is undisputed that the Trustee received notice of the lawsuit on December 22, 2011. In the notice, Debtor informed the Trustee of the case number, the status of the case, and the nature of her case, which was a claim for employment discrimination. The circumstances of this disclosure provided the Trustee with adequate notice of the employment discrimination claims. At a minimum, the Trustee could have made an appearance in the action, sought a stay to investigate the claim, or filed an

9

objection to Debtor's continued prosecution of the action.  Instead, the Trustee sat on her hands and elected to stay silent.  The Trustee's choice to sleep on her rights further supports the district court's denial of the Rule 60(b)(4) motion.

The Trustee also suggests that AMS, who is not a party to the bankruptcy proceeding, had an obligation or duty to notify the Trustee of the action and pending motion for summary judgment.  However, the Trustee does not cite any legal authority in support of this suggestion and we can find none.

Additionally, the Trustee has failed to show that the district court lacked subject matter jurisdiction when it entered its order.  In support of her position, the Trustee contends that she had exclusive standing to prosecute this claim, and thus, the district court lacked subject matter jurisdiction to enter its orders.  The Trustee confuses the principle of jurisdictional standing under Article III of the United States Constitution, which would impact the court's subject matter jurisdiction, with the principle of real party in interest, which does not impact the court's subject matter jurisdiction.  *See Barger*, 348 F.3d at 1292.

The present case mirrors *Barger*.  In *Barger*, the Debtor there similarly filed discrimination claims prior to filing a bankruptcy petition.  *See Barger*, 348 F.3d at 1292.  After filing for bankruptcy, the Debtor continued to pursue her discrimination claims in the district court, ultimately filing an appeal after the

10

district court entered summary judgment against her on the basis of judicial estoppel. *Id.* We stated that "[i]t is undisputed that [the Debtor's] employment discrimination claims satisfy all of [the standing] requirements" and "[t]he issue is really about who can litigate the claim," Debtor or the Trustee. *Id.* We determined in *Barger* that the Trustee, as the real party in interest, "simply takes (the Debtor's) place from hereon." *Id* at 1293. After substituting the Trustee for the Debtor on appeal, we affirmed the district court's order granting summary judgment based on the principle of judicial estoppel. *Id*. at 1297.

In conclusion, because there is no merit to any of the arguments the Trustee makes in this consolidated appeal, we affirm the district court's grant of summary judgment and its order denying the Trustee's motion to vacate under Rule 60(b)(4).

**AFFIRMED.**