[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10048
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00116-JRH-BKE


VERONICA B. D'ANTIGNAC,

Plaintiff-Appellant,

versus

DEERE & COMPANY,
d.b.a. John Deere Commercial Products, Inc.,

Defendant-Appellee,

ALFREDO RENIZ,

Defendant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 25, 2015)

Before ED CARNES, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Veronica D'Antignac appeals the grant of summary judgment in favor of her employer Deere & Co. on her Title VII employment discrimination claim.

In 2005, D'Antignac entered Chapter 13 bankruptcy. In August 2008, while still in bankruptcy, D'Antignac filed a "Charge of Discrimination" against Deere with the Equal Employment Opportunity Commission. The charge, arising out of a June 2008 incident, alleged employment discrimination on the basis of her race in violation of Title VII of the Civil Rights Act, 42 U.S.C § 2000e-2(a). D'Antignac successfully completed her payment plan, and the bankruptcy court discharged her bankruptcy in November 2008 and closed the case on January 13, 2009. D'Antignac did not disclose her employment discrimination claim to the bankruptcy court before the bankruptcy case closed in 2009.

On June 1, 2010, the EEOC issued a "Dismissal and Notice of Rights" responding to D'Antignac's charge. The EEOC determined that it was "unable to conclude that the information obtained establishe[d] violations of the statutes," but notified D'Antignac that she could sue within 90 days. On August 31, 2010, D'Antignac filed a complaint in the district court alleging discrimination on the

2

basis of race and sex.[1]  The district court granted summary judgment to Deere on the ground that D'Antignac was judicially estopped from bringing her claims.  It reasoned that D'Antignac had a continuing duty to inform the bankruptcy court of any new assets (including claims for damages) that arose during the pendency of her bankruptcy.  And because D'Antignac failed to disclose her employment discrimination claim to the bankruptcy court, she was estopped from later bringing that claim in district court.  D'Antignac moved for reconsideration of the summary judgment order under Federal Rule of Civil Procedure 59(e), and the court denied that motion.  This is her appeal of the judgment and the order denying her Rule 59 motion.

We review the district court's application of judicial estoppel only for an abuse of discretion and its factual findings only for clear error.  Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1273 (11th Cir. 2010); Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1284 (11th Cir. 2002).  Under the abuse-of-discretion standard, we will affirm unless we conclude that the district court made a "clear error of judgment, or has applied the wrong legal standard," Robinson, 595 F.3d at

---

[1] D'Antignac's EEOC charge raised only a race discrimination claim.  The sex discrimination claim in her 2010 complaint arose out of the same 2008 incident that gave rise to the race discrimination claim.  The estoppel issue is the same for both claims.  And even if the sex discrimination claim is not estopped, it is time barred because D'Antignac did not file a timely EEOC charge.  See 42 U.S.C. § 2000e-5(e)(1) (requiring filing of a charge "within one hundred eighty days after the alleged unlawful employment practice"); H & R Block E. Enters., Inc. v. Morris, 606 F.3d 1285, 1295 (11th Cir. 2010) (requiring exhaustion of administrative remedies before filing a complaint and noting the 180-day filing requirement).

1273, or if it "misconstrues its proper role, ignores or misunderstands the relevant evidence, and bases its decisions upon considerations having little factual support," FTC v. AbbVie Prods. LLC, 713 F.3d 54, 61 (11th Cir. 2013) (citation and quotation marks omitted).

The doctrine of judicial estoppel precludes a party from asserting a claim that is inconsistent with a claim it made in an earlier proceeding. Burnes, 291 F.3d at 1285 (affirming grant of summary judgment in defendant's favor when evidence showing plaintiff failed to disclose his employment discrimination claims in concurrent bankruptcy proceedings warranted judicial estoppel). The purpose of the doctrine is to "protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id. (quotation omitted). For this reason, parties asserting judicial estoppel need not demonstrate individual prejudice. Id. at 1286.

The Supreme Court has enumerated three non-exclusive considerations that may inform a court's decision of whether to apply judicial estoppel: (1) whether the present position is "clearly inconsistent" with the earlier position; (2) whether another tribunal accepted the earlier position; and (3) whether the party advancing the inconsistent position would derive an unfair advantage. Id. at 1285. We have added two other considerations to the list: (1) whether "the allegedly inconsistent positions were made under oath in a prior proceeding"; and (2) whether the

4

inconsistencies were "calculated to make a mockery of the judicial system."  Id. These two factors are not "inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case."  Id. at 1286.

When applying the first factor, we have held that failure to disclose a claim in bankruptcy constitutes an inconsistent position taken under oath if the debtor later pursues that claim, as D'Antignac is doing here.  See id.; see also Ajaka v. Brooksamerica Mortg. Corp., 453 F.3d 1339, 1344 (11th Cir. 2006) (failure to disclose Truth In Lending Act claim to bankruptcy court during Chapter 13 proceedings satisfied first judicial estoppel prong).  We explained:

> A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court.  The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change.  Full and honest disclosure in a bankruptcy case is crucial to the effective functioning of the federal bankruptcy system.

Burnes, 291 F.3d at 1286 (quotations and citations omitted).  Certain claims for legal relief that arise after the bankruptcy confirmation but before completion of the plan become property of the bankruptcy estate.  Waldron v. Brown (In re Waldron), 536 F.3d 1239, 1240–41 (11th Cir. 2008).  In Waldron, we concluded that a debtor's $25,000 claim for underinsured-motorist benefits, which arose after confirmation of his Chapter 13 plan, was property of the bankruptcy estate under 11 U.S.C. § 1306.  Id. at 1241–42.  We rejected the debtor's argument that all

5

assets acquired post-confirmation automatically vest in the debtor pursuant to § 1327. Id. at 1242. We further held that the bankruptcy court "is entitled to learn about a substantial asset that the court had not considered when it confirmed the debtors' plan." Id. at 1245.

We have explicitly held that a Chapter 13 debtor has a continuing statutory duty to amend her schedule of assets to reflect a claim she raised in an employment discrimination lawsuit she filed before the bankruptcy was discharged. Robinson, 595 F.3d at 1274 (affirming use of judicial estoppel to bar Title VII claims). By failing to amend her asset schedule, the debtor in Robinson "represented that she had no legal claims to the bankruptcy court while simultaneously pursuing her legal claim against [her employer] in the district court." Id. at 1275. Both actions were "taken under oath," and were "clearly inconsistent" with one another. Id. at 1275. The same is true here.

As to the second judicial estoppel factor, we require "intentional contradictions, not simple error or inadvertence." Burnes, 291 F.3d at 1286 (quotation omitted). A debtor's failure to disclose an asset is deemed inadvertent only when "the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Id. at 1287 (internal quotation marks omitted). A district court may thus infer intent from the record when the debtor has knowledge of the undisclosed claims and has motive to conceal them. See Robinson, 595 F.3d

6

at 1275–76 (holding that debtor had motive to conceal her claim because if she disclosed its existence it would become part of the bankruptcy estate and go to her creditors to satisfy her debts); Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1294, 1296 (11th Cir. 2003) (explaining that debtor's omission of lawsuit from statement of assets appeared to benefit her because she could then "keep any proceeds for herself and not have them become part of the bankruptcy estate"); De Leon v. Comcar Indus., Inc., 321 F.3d 1289, 1291 (11th Cir. 2003) ("[A] financial motive to secret assets exists under Chapter 13 . . . because the hiding of assets affects the amount to be discounted and repaid."). Motive stems from the unfair advantage a litigant obtains "from the possibility of defrauding the courts and not from any actual fraudulent result." Robinson, 595 F.3d at 1275 (emphasis added). The inference of intent is considered a factual finding that is reviewed only for clear error. Id.

Here, the district court did not abuse its discretion in applying the doctrine of judicial estoppel to bar D'Antignac's claims. See Burnes, 291 F.3d at 1285. D'Antignac made a statement under oath in her Chapter 13 proceeding that is inconsistent with her statements in this lawsuit. See id. She had a continuing statutory duty to amend her schedule of assets in that prior proceeding to reflect her potential employment discrimination claims against Deere. See Robinson, 595 F.3d at 1274; Burnes, 291 F.3d at 1286. By failing to do so and disclose those

7

claims, she effectively represented to the bankruptcy court that she had no legal claims, and then later pursued her undisclosed claim against Deere in the district court.  See Robinson, 595 F.3d at 1275.  Both of these actions were taken under oath, and they are "clearly inconsistent."  See id.

Second, the inconsistency between her positions was not inadvertent under our precedent.  See Burnes, 291 F.3d at 1285.  The record shows that D'Antignac knew of her claims against Deere while her bankruptcy was pending and that she had a motive to make the inconsistent statements — namely, that if she did not disclose the claims to the bankruptcy court, she could keep all the proceeds if she won her suit against Deere.  See Robinson, 595 F.3d at 1275; Barger, 348 F.3d at 1296; De Leon, 321 F.3d at 1291.  Under those circumstances, the district court did not clearly err in inferring from the record that D'Antignac's inconsistent statements showed the necessary intent to mislead the bankruptcy court.  See Robinson, 595 F.3d at 1273, 1275.  Thus it did not abuse its discretion when it barred D'Antignac's claims on the ground of judicial estoppel.

The district court also did not abuse its discretion in denying D'Antignac's Rule 59(e) motion.  See Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998) (denial of Rule 59 motions reviewed only for an abuse of discretion).  The only grounds for granting a Rule 59 motion are "newly-discovered evidence or manifest errors of law or fact."  Arthur v. King, 500 F.3d 1335, 1343 (11th Cir.

8

2007) (quotation marks omitted).  Rule 59(e) may not be used "to relitigate old matters, [or] raise argument[s] or present evidence that could have been raised prior to the entry of judgment."  Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).  This prohibition includes new arguments that were "previously available, but not pressed."  Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957–58, 961 (11th Cir. 2009).  D'Antignac's Rule 59 motion was a reiteration of arguments she either made or could have made during summary judgment briefing.  See id.  The district court did not abuse its discretion in denying the motion.  Michael Linet, 408 F.3d at 763; Lockard, 163 F.3d at 1267.

**AFFIRMED**.

9